## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

REPRESENTATIVE CLASS PLAINTIFFS:
*on behalf of themselves and others so situated as*
*putative class members,*

Eurich Z. Griffin, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Sheryl Tinoco, Judge Thomas Phillips III, John W. Barry, Karrine N. Montaque, Moses Nelson, Patrese Blackwood, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R. T. Dumlao, Rosalie O. Libanag, Rodrigo B. Libanag, Hannah K. Heart, Brigida E. Chock, Michael T. Chock, Leoncio Bautista, Scott F, Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Annette Torruellas, Sheryl Tinoco, Radames Rodriguez, Jeanette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada Ramos, Hector Mendez, Miriam Mendez, Jose Valez, Magdelena Nieves, Juanito Estrada, among others similarly situated,

*Unincorporated Natural Persons Standing in Propria Persona Sui Juris,*

-against-

UNITED STATES, AS A CORPORATE PERSON PER 28 U.S.C. § 3002; UNITED STATES DEPARTMENT OF THE TREASURY, STEVEN MNUCHIN, SECRETARY, FORMER COMMISSIONER OF THE INTERNAL REVENUE SERVICE, JOHN KOSKINEN, ACTING COMMISSIONER OF THE INTERNAL REVENUE SERVICE, DAVID J. KAUTTER; FORMER UNITED STATES DEPARTMENT OF JUSTICE ACTING ATTORNEY GENERAL DAVID A. HUBBERT; FORMER UNITED STATES ATTORNEY GENERAL, JEFFERSON B. SESSIONS; PRESENT UNITED STATES ATTORNEY GENERAL WILLIAM BARR; UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY BRADLEY A. SARNEL; UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY SARAH T. MAYHEW; UNITED

Case: 1:19−cv−00762  (JURY)
Assigned To : Cooper, Christopher R.
Assign. Date : 3/19/2019
Description: Pro Se Gen. Civil  (F-DECK)

**CIVIL COMPLAINT**
**For Deprivation of Rights**
**Under Color of Law**
**Pursuant to**
**42 U.S.C. § 1983, et. seq.**
**AND FOR**
**DECLARATORY**
**JUDGMENT**
**Pursuant to**
**28 U.S.C §§ 2201, 2202 &**
**FRCP RULE 57**

**Jury Trial Demanded**

**March 19, 2019**

STATES DEPARTMENT OF JUSTICE TRIAL
ATTORNEY LAQUITA TAYLOR-PHILLIPS;
UNITED STATES DEPARTMENT OF JUSTICE
TRIAL ATTORNEY KATHERINE R. POWERS;
I.R.S. ACCOUNTING OPERATIONS MANAGER
BENJAMIN F. RAY; I.R.S. FIELD AGENT SARAH
DAVIDSON; I.RS. REVENUE OFFICER JOHN
SHATRAW; I.RS. REVENUE OFFICER JAMES
GREENWAY; I.R.S., I.R.S. REVENUE OFFICER
COLIN P. KELLY; I.R.S. REVENUE OFFICER
KENNETH O. JUSTICE; I.R.S. REVENUE OFFICER
R.A. MITCHEL; I.R.S. REVENUE OFFICER
MICHAEL W. COX; I.R.S. REVENUE OFFICER
ELBA Y. PORRATA-DORIA; I.R.S. REVENUE
OFFICER BART BRELLENTHIN; I.R.S. REVENUE
OFFICER K. COLT; I.R.S. REVENUE OFFICER
DEBORAH JAMES; I.R.S. REVENUE OFFICER
CYNTHIA D. SPRY; I.R.S. REVENUE OFFICER
NEIL CASEY; I.R.S. REVENUE OFFICER JAMES
BECK; I.R.S. REVENUE OFFICER JOHN B.
MURPHY; I.R.S. SUPERVISORY FIELD AGENT
DAVID SMITH; I.R.S. ADVISORY GROUP AGENT
LASONIA KIMES;, I.R.S. ADVISORY GROUP
MANAGER L. DUNN; I.R.S. ADVISORY GROUP
MANAGER LISA MORRISON; I.R.S. DIRECTOR OF
SPECIALTY COLLECTIONS CHERYL CORDERO;
I.R.S. OPERATIONS MANAGER FOR
COLLECTIONS SHERRI HOLCOMB, I.R.S.
OPERATIONS MANAGER TONYA WILLIAMS-
WALLACE; I.R.S. GENERAL ATTORNEY JAMES P.
CALIGURE; I.R.S. ASSOCIATE AREA COUNSEL
MONICA E. KOCH; I.R.S. TERRITORY MANAGER
PAUL G. ALVARADO; ALCOHOL TOBACCO &
FIREARMS CRIMINAL INVESTIGATIONS
DIVISION OFFICER DAVID FERS, ALCOHOL
TOBACCO & FIREARMS CRIMINAL
INVESTIGATIONS DIVISION OFFICER MARK
MACPHERSON; ALCOHOL TOBACCO &
FIREARMS CRIMINAL INVESTIGATIONS
DIVISION OFFICER KELLY MAEDA; ALCOHOL
TOBACCO & FIREARMS CRIMINAL
INVESTIGATIONS DIVISION OFFICER JOSEPH
ZEIGLER; ALCOHOL TOBACCO & FIREARMS
CRIMINAL INVESTIGATIONS DIVISION OFFICER
RYAN SPENCER; DEPARTMENT OF THE
TREASURY INSPECTOR GENERAL FOR TAX
Alcohol, Tobacco & Firearms Agent David
Fers

**March 19, 2019**

ADMINISTRATION OFFICER CHRISTOPHER J.
GUST; I.R.S. RICS/IVO PROGRAM MANAGER
CHRISTINE L. DAVIS, I.R.S. DISCLOSURE
SPECIALIST SUMMER A. SUTHERLAND; UNITED
STATES BANKRUPTCY TRUSTEE ROBERTA
NAPOLITANO; UNITED STATES BANKRUPTCY
TRUSTEE ELIZABETH A. KANE; AND UNKNOWN
OTHER JOHN "DOES" AND JANE "ROES" WHO              **March 19, 2019**
ARE DEPARTMENT OF JUSTICE ATTORNEYS,
TREASURY SPECIAL AGENTS OR I.R.S.
OFFICERS, EMPLOYEES, AND OTHER
UNKNOWN STATE ACTORS 1 THROUGH 100; (*All
parties acting as Agents, Attorneys or employees on
behalf of the Government are all being sued in their
individual capacities*) ET. AL.,

Defendant(s).

---

## <u>INTRODUCTION</u>

**COMES NOW** the Plaintiff(s), on behalf of themselves and others so situated as putative

class members, all being unincorporated Natural Persons Standing *in Propria Persona Sui Juris*,

to obtain relief and remedy for redress of grievances arising out of violations of constitutional

rights perpetrated against Plaintiff(s) by the Defendant(s), and each of them, named herein in

their individual capacities as State Actors under Color of law.

This is a Civil Rights action for money damages and relief from pecuniary persecution of

*ultra vires* collection actions. The Plaintiff(s) have been deprived of unalienable rights to security

of their privacy, private property, common law and natural law freedoms secured by the United

States Constitution for American Citizens as a human being/living Soul on the land who is not an

enemy of the State, nor a friend of an enemy of the State.

Plaintiff is sure this Court is aware that such rights cannot and must not be purged

without fundamental and procedural due process of law predicated upon probable cause

supported by an Affidavit or Affirmation under penalty of perjury and/or Oath to the Constitution for these United States of America.

The Plaintiff(s) avow and affirms through elucidation of the facts giving rise to the causes of action in this Civil Rights Complaint to this Court that the rights secured to Plaintiff by the Constitution for these United States of America, and the State wherein Plaintiff lives, is being violated by the Defendant(s), and each of them, under Color of Law, and that this Court not only has original subject matter jurisdiction of this Civil Rights Complaint, but also has a duty to ensure that the Plaintiff's rights to equal protection of the law under the Constitution for these United States of America, and the State wherein Plaintiff lives, are protected, respected and upheld.

Plaintiff has compiled self-authenticating *prima facie* evidence, that will be included as Exhibits together with Plaintiff's Declaration in Support of the pleadings of this action to this Court, that will unequivocally establish the fact that the Defendant(s), and each of them, did not have the requisite authority to implement their presumptive heavy handed collection action upon Plaintiff's privacy, private property, private bank accounts and job paychecks, and that such *ultra vires* acts which actually deprived Plaintiff of constitutional rights were being perpetrated by the Defendant(s), and each of them, under Color of Law.

Plaintiff(s) have already sued these Defendant(s), and each of them, for a remedy for their collective and individual grievances from violations of Plaintiff(s) constitutional rights in the United States Court of Federal Claims (Ct. Fed. Cl. Docket No. 1837T (CHL). Said Federal Claim Court case was filed by Plaintiff(s) particularly for those constitutional violations of Plaintiff(s) constitutional rights not sounding in tort. That Court of Federal Claims case is still pending at the time of the filing of this 42 § 1983, *et. seq.* Civil Complaint.

Plaintiff(s) hereby makes this Court aware that the Defendant(s) named herein are being sued in their individual capacity as State Actors acting under Color of Law for their unlawful *ultra vires* acts, and that the UNITED STATES corporation is also being sued as a corporate person per 28 U.S.C. § 3002, which under the Clearfield Doctrine it states that "Governments descend to the level of a mere corporation, and take on the characteristics of a mere private citizen...where private corporate commercial paper (Federal Reserve Notes) and securities (checks, bonds, *etc.*) is concerned. For purposes of suit, such corporations and individuals are regarded as entities entirely separate from government." (Clearfield Trust Co. v. United States, 318 363-371 [1942]).

The subject matter of this Civil Complaint is entirely composed of the unlawful collection of commercial paper and real property that is being unduly misappropriated by the Defendant(s), and each of them, under Color of Law. The Defendant(s), and each of them, act in complicity to conspire the deprivations of Plaintiff(s) constitutional rights to fundamental and procedural due process of law. The Clearfield Doctrine provides the Court with jurisprudent understanding that when the collection of private commercial paper is used to facilitate corporate government functions, then the government loses its sovereignty status and becomes no different than a mere private corporation.

As such, the government becomes bound by the rules and laws that govern private corporations, which means that if they intend to compel an individual to some specific performance based upon its corporate statutes or corporation rules, the government, like any private corporation or private Citizen, must be the Holder-in-Due-Course of a contract or other commercial agreement between it and the one upon whom their demands for specific performance are made. In other words, the government must have the requisite documentation to

validate their purported claim. And further, the government must be willing and able to enter the validation of their claim, whether by lawful delegation of authority, contract or commercial agreement, into evidence of the Court record before trying to get the Court to enforce its demands.

Plaintiff(s) affirm that the Defendant(s), and each of them, do not have the lawful authority to enforce and implement an ultra vires collection action to take Plaintiff's private property, or invade Plaintiff's privacy under any circumstances, because they do not have the requisite Notices and documentation that would give them the authority to impose any tax collection liability upon the Plaintiff(s), and Plaintiff(s) can unequivocally prove that they have egregiously undertaken doing these verifiably alleged acts to violate Plaintiff's constitutional rights under Color of Law.

## JURISDICTION

Plaintiff's hereby invokes this Court's jurisdiction pursuant to:

1. Title 42 U.S.C §§ 1983 (Deprivation of Rights Under Color of Law), 1985(3) (Conspiracy to Interfere with Civil Rights), 1986 and 1988 (Proceedings in vindication of Civil Rights);

2.  28 U.S.C. §§ 1331 & 1332 for a federal question and diversity of citizenship;

3. 28 U.S.C. § 41(14), suits to redress deprivation of Civil Rights. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom or usage, of any State, or any right, privilege or immunity secured by any law of the United States providing for equal rights of citizens of the United States, or of all person within the jurisdiction of the United States.

4. 28 U.S.C. § 1367(a) (for State Law Supplemental Jurisdiction);

5. 28 U.S.C. AND 28 U.S.C. §§ 2201, 2202 & FRCP RULE 57, for Declaratory Judgment and creation of a remedy;

6. 28 U.S.C. § 2674, for the Liability of the UNITED STATES;

7. Constitutional violations of rights protected under the 1ST, 4TH, 5TH, 6th & 14th Amendments; and

8. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), as a constitutional tort perpetrated by all Defendant(s), who during the *ultra vires* performance of their official duties are subject to personal liability for any violations of constitutional rights of which a reasonable official in a similar situation would be aware (IRM § 5.17.5.14 [01/06/2017]; *See also*, Davis v. Passman, 442 U.S. 228 [1979]);

9. 15 U.S.C. § 1692, *et. seq.*, Fair Debt Collections Practice Act (FDCPA); and

10. Jurisdiction of the Court for the pendent claims is authorized by FRCP Rule 1 and arises under the Doctrine of Pendent Jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

11. Plaintiff(s) are also suing the Defendant(s) in their individual capacities under Equity jurisdictional authority pursuant to Poindexter v. Greenhow, 113 U.S. 270; 5 S. Ct. 903 (1885), which states: "...Another class of cases where an individual is sued in tort for some act injurious to another in regard to person or property, to which his defense is that he has acted under the orders of the government...In these cases he is not sued as, or because he is, the officer of the government, but as an individual, and the Court is not ousted of jurisdiction because he asserts authority such as officer. To make out his defense he must show that his authority was sufficient in law to protect

him." (*See also*, <u>Mitchell v. Harmony</u>, 13 How. 115; <u>Bates v. Clark</u>, 95 U.S. 204;

<u>Meigs v. McClung's Lessee</u>, 9 Cranch 11; <u>Wilcox v. Jackson</u>, 13 Pet. 498; <u>Brown v.

Huger</u>, 114 U.S. 270, 288; <u>Grisar v. McDowell</u>, 6 Wall 363; and <u>U.S. v. Lee</u>, 106

U.S. 196; 1 S. Ct. Rep. 240).

12. This Court has both personal and subject matter jurisdiction to hear this case pursuant

and to § 1331 and 1332 of Title 28 as a federal question between parties with

diversity of citizenship as well as the amount in controversy.

## VENUE

13. Venue lies in this District pursuant to Title 28 U.S.C §§ 1332 & 1367 as pertaining to

Diversity of Citizenship and Supplemental Jurisdiction concurring with provisions of

State Law.

14. Venue is proper in this District because there are portions of the events or omissions

which form the establishment of Plaintiff's claims that occurred out of this District

and all of the Plaintiff(s) have chosen this District where at least one or more

Defendant(s) resides therein.

## PLAINTIFFS

The named and representative Plaintiffs bring suit on behalf of themselves and the

putative class, consisting of all putative members in the Continental United States of America,

Hawaii and all the United States Territories. All Plaintiffs have Standing to sue *in propria

persona sui juris*, as they possess the same legal status as unincorporated natural persons who are

similarly situated and have an equitable interest in the subject matter of this Complaint and have

suffered or will suffer the same violations of rights in the future. They have all been subject to

the same type of injury as the putative class members whose privacy, private property and right

to be free from unlawful searches and seizures has been egregiously violated by *ultra vires* acts perpetrated by all Defendant(s) against the Plaintiffs under Color of Law. Thus, all Party Plaintiffs are of the same class.

The named and readily identifiable Defendant(s) in the above title caption of this Complaint are either Agents or Attorneys acting as State Actors on behalf of the federal government.

The Putative Class Action Plaintiffs are:

15. Plaintiff, Eurich Z. Griffin, III, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 12412, St. Petersburg, Florida State Republic [33733] Non-Domestic.

16. Plaintiff, Barbara W. Griffin, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 12412, St. Petersburg, Florida State Republic [33733] Non-Domestic.

17. Plaintiff, Rose Ann Flor, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural

woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 9052 Jackson Avenue, Lexington, Minnesota State Republic [55014] Non-Domestic.

18. Plaintiff, McKinley Lewis, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 4057 Saint George Walk, Powder Springs, Georgia State Republic [30127] Non-Domestic.

19. Plaintiff Sheryl Tinoco, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 4737 Lyons Road, Lake Worth, Florida State Republic [33467] Non-Domestic.

20. Plaintiff Judge Thomas Phillips III, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and

he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 829 Eagle Claw Court, Lake Mary, Florida State Republic [32746].

21. Plaintiff, John W. Barry, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is an proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location 232 Amherst Avenue, New Jersey Republic [08068] Non-Domestic.

22. Plaintiff, Karrine N. Montaque, is a private American Citizen as defined in the Organic Law for these United States of America and an unincorporated Living Soul and natural woman who is proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location 159 Washington Avenue, Valley Stream, New York State Republic [11590] Non-Domestic.

23. Plaintiff, Moses Nelson, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic

mailing location at 359 Olive Street, Bridgeport, Connecticut State Republic [06604] Non-Domestic.

24. Plaintiff, Joel Adeyemi Omotosho, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 51 Park Terrace, Bridgeport, Connecticut State Republic [06604] Non-Domestic.

25. Plaintiff, Patrese Blackwood, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American who is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 359 Olive Street, Bridgeport, Connecticut State Republic [06604] Non-Domestic.

26. Plaintiff, Julio Ruiz, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 981 Grand Street, Bridgeport, Connecticut State Republic [06604] Non-Domestic.

27. Plaintiff, Elba M. Viera Lopez, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American who is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 1224 Pembroke Street, Bridgeport, Connecticut State Republic [06608] Non-Domestic.

28. Plaintiff, Patricia Hinds, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 6 Homestead Avenue, West Haven, Connecticut State Republic [06516] Non-Domestic.

29. Plaintiff, Carl McBean, is private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 173 Canfield Avenue, Bridgeport, Connecticut State Republic [06605] Non-Domestic.

30. Plaintiff, RoseMarie M. Lastimado-Dradi, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living

Soul and natural woman who is proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 386, Ridgefield, Washington State Republic [98642] Non-Domestic.

31. Plaintiff, Elvah Bliss Miranda, is private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 94-1018 Kaloli Loop, Waipahu, Hawaii State Republic [96797] Non-Domestic.

32. Plaintiff, Daniel B. Miranda, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the corporate UNITED STATES federal zone at the non-domestic mailing location at 94-1018 Kaloli Loop, Waipahu, Hawaii State Republic [96797] Non-Domestic.

33. Plaintiff, Marciaminajuanequita R. T. Dumlao, is private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies

Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 1731 Mahani Loop, Honolulu, Hawaii State Republic [96815] Non-Domestic.

34. Plaintiff, Rosalie O, Libanag, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and a natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 91-936 Komana Street, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

35. Plaintiff, Rodrigo B. Libanag, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul proper and a natural man who is a Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 91-936 Komana Street, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

36. Plaintiff, Hannah K. Heart, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul proper and a natural woman who is a Party American who is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic

mailing location at 5339 Poola Street, Honolulu, Hawaii State Republic [96821] Non-Domestic.

37. Plaintiff, Brigida E. Chock, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and a natural woman who is a proper Party American who is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 91-668 Kilaha Street, Unit I-2, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

38. Plaintiff, Michael T. Chock, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 91-668 Kilaha, Street, Unit I-2, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

39. Plaintiff, Leoncio Bautista, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and a natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 1731 Mahani Loop, Honolulu, Hawaii State Republic [96815] Non-Domestic.

40. Plaintiff, Scott F, Hawver, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and a natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 2783, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

41. Plaintiff, Beverly Braumuller-Hawver, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 2783, Ewa Beach, Hawaii State Republic [96706] Non-Domestic.

42. Plaintiff, Paul K. Meyer, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at P.O. Box 1308, Kilauea, Hawaii State Republic [96754] Non-Domestic.

43. Plaintiff Annette Torruellas, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and natural woman

who is a proper Party American that is not an enemy of the State, or friend of an

enemy of the State as defined in the Trading With the Enemies Act, and she receives

mail outside of the Corporate UNITED STATES federal zone at the non-domestic

mailing location at 7252, Apartment # A, Forrest City Road, Orlando, Florida State

Republic [32810] Non-Domestic.

44. Plaintiff, Radames Rodriguez, is a private American Citizen as defined in the Organic

Laws for these United States of America and an unincorporated Living Soul and

natural man who is a proper Party American that is not an enemy of the State, or

friend of an enemy of the State as defined in the Trading With the Enemies Act, and

he receives mail outside of the Corporate UNITED STATES federal zone at the non-

domestic mailing location at 7252, Apartment # A, Forrest City Road, Orlando,

Florida State Republic [32810] Non-Domestic.

45. Plaintiff, Jeannette Delgado, is a private American Citizen as defined in the Organic

Laws for these United States of America and an unincorporated Living Soul and

natural woman who is a proper Party American that is not an enemy of the State, or

friend of an enemy of the State as defined in the Trading With the Enemies Act, and

she receives mail outside of the Corporate UNITED STATES federal zone at the non-

domestic mailing location at 1255 Guinevere Drive, Casselberry, Florida [32707]

Non-Domestic.

46. Plaintiff, Aaron Aqueron, is private American Citizen as defined in the Organic Laws

for these United States of America and an unincorporated Living Soul and natural

man who is a proper Party American that is not an enemy of the State, or friend of an

enemy of the State as defined in the Trading With the Enemies Act, and he receives

mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 1868 Sanderling Drive, Clermont, Florida State Republic [34711] Non-Domestic.

47. Plaintiff, Benedicta Sison, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 1002 Seneca Falls Drive, Orlando, Florida State Republic [32828] Non-Domestic.

48. Plaintiff, Betty Ananyo, is a private American Citizen as defined in the Organic Laws for these United States of America an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 4840 Miramar Street, Cocoa, Florida State Republic [32927] Non-Domestic.

49. Plaintiff, Rafael Ramos, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic

mailing location at 3944 Creswick Circle, Orlando, Florida State Republic [32829] Non-Domestic.

50. Plaintiff, Ada De La Cruz, is private American Citizen as defined in the Organic Law for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 3944 Creswick Circle, Orlando, Florida State Republic [32829] Non-Domestic.

51. Plaintiff, Hector Mendez, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 11919 Linden Drive, Spring Hill, Florida State Republic [34608] Non-Domestic.

52. Plaintiff, Miriam Mendez, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 11919 Linden Drive, Spring Hill, Florida State Republic [34608] Non-Domestic.

53. Plaintiff, Jose Velez, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 2209 South Goldenrod Road, Orlando, Florida State Republic [32833] Non-Domestic.

54. Plaintiff, Magdelena Nieves, is a private American Citizen as defined in the Organic Laws for these United States and an unincorporated Living Soul and natural woman who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and she receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 10563 Macaris Street, Orlando, Florida State Republic [32832] Non-Domestic.

55. Plaintiff, Juanito Estrada, is a private American Citizen as defined in the Organic Laws for these United States of America and an unincorporated Living Soul and natural man who is a proper Party American that is not an enemy of the State, or friend of an enemy of the State as defined in the Trading With the Enemies Act, and he receives mail outside of the Corporate UNITED STATES federal zone at the non-domestic mailing location at 6005 Silver star Road, Orlando, Florida State Republic [32808] Non-Domestic.

## **DEFENDANTS**

The UNITED STATES (hereinafter, "U.S."), is a corporate entity per 28 U.S.C. § 3002, and is being sued in its capacity as a person pursuant to <u>Monell v. Department of Social Services,</u>

436 U.S. 658, in which the United State Supreme Court ruled that a government is a "person" subject to suit under 42 § 1983 for deprivation of rights.

INTERNAL REVENUE SERVICE (hereinafter, "I.R.S."), is a psuedo-governmental sub-contracted private corporate entity under the auspices and control of the UNITED STATES DEPARTMENT OF THE TREASURY (hereinafter "Treasury") (*See* 26 C.F.R. 601.101). The U.S. DEPARTMENT OF TREASURY is in a position of oversight in relation to Defendant I.R.S., and enforcement provisions of 26 U.S.C. §§ 7801 &7805. The Secretary of the Treasury must have express permission to operate outside Washington D.C. (*See* 4 U.S.C. § 72).

In relation to this role, the Secretary of the Treasury answers to the Joint Committee on Taxation in Congress (*See* 26 U.S.C. § 8022), and his delegation of the I.R.S. as the subordinate facility to implement his duties is ensconced in the Commissioner of the I.R.S. As used within the context of this Verified Class Action Civil Complaint the term "Defendant(s)" shall be construed to mean and include all the Agents and Attorneys standing in their individual capacity for purposes of this suit, who are under the purview of the I.R.S., or acting on behalf of the I.R.S. as Agents and Attorneys, that are perpetrating *ultra vires* acts as State Actors against Plaintiffs, are hereinafter identified as the "Defendant(s)".

The Defendant(s), and each of them, are citizens of the UNITED STATES. They are reasonably presumed to be over eighteen (18) years of age, and at all times relevant to this Complaint, are employed by the United States Department of the Treasury or the United States Department of Justice, whereby they are unlawfully using their position of their Office under Color of Law in an official capacity disguised as State Actors. They are enriched, rewarded and compensated for their official capacity as Agents and employees for the Department of the Treasury and the Department of Justice. However, they are being sued here in the individual

capacity for their *ultra vires* acts to deprive Plaintiff(s) constitutionally protected rights under Color of Law.

The I.R.S. Defendant(s), at all times relevant to this Civil Complaint, although **NOT** an Agency of the federal government, either directly or indirectly, controlled, trained, supervised and made policy for all the other Defendant(s), and rewarded, enriched and compensated some or all of the other Defendant(s) for their actions relevant to this Complaint. Therefore, the I.R.S. is also being sued as a corporate "person".

The Known Defendant(s) are:

56. Defendant UNITED STATES is a corporation per 28 U.S.C. § 3002, and as a proper Party to the action is being sued as a person pursuant to <u>Monell v. the Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978), and is therefore being sued in its individual capacity as a person, and its principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

57. Defendant, SECRETARY OF DEPARTMENT OF THE TREASURY, STEVEN MNUCHIN, is a proper Party to the action and is being sued under the auspices of the Defendant UNITED STATES CORPORATION (28 U.S.C. § 3002) through their Agency Relationship under the Doctrine of *Respondeat Superior*, and its principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

58. Defendant, DEPARTMENT OF THE TREASURY, is a proper Party to the action and is being sued under the auspices of the Defendant UNITED STATES CORPORATION through their Agency Relationship under the Doctrine of

*Respondeat Superior*, and its principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

59. Defendant, former COMMISSIONER OF THE INTERNAL REVENUE, JOHN KOSKINEN, is a proper Party to the action and an Agent for the Defendant UNITED STATES CORPORATION that is being sued in his individual capacity. Although the INTERNAL REVENUE SERVICE is not an Agency of the federal government, it is a private Corporation acting as a subsidiary to the Defendant DEPARTMENT OF THE TREASURY.

60. Defendant, Acting COMMISSIONER OF THE INTERNAL REVENUE, DAVID J. KAUTTER, is a proper Party to the action and an Agent for the Defendant UNITED STATES CORPORATION that is being sued in his individual capacity. Although the INTERNAL REVENUE SERVICE is not an Agency of the federal government, it is a private Corporation acting as a subsidiary to the Defendant DEPARTMENT OF THE TREASURY.

61. Defendant, UNITED STATES DEPARTMENT OF JUSTICE ACTING ATTORNEY GENERAL DAVID A. HUBBERT, is proper Party to the action and an Agent for the Defendant UNITED STATES CORPORATION in the DEPARTMENT OF JUSTICE at the time of the initial unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs, ACTING ATTORNEY GENERAL DAVID A. HUBBERT is being sued in his individual capacity, and his principle place of business was Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

62. Defendant, UNITED STATES DEPARTMENT OF JUSTICE ATTORNEY
GENERALWILLIAM BARR, is proper Party to the action and an Agent for the
Defendant UNITED STATES CORPORATION in the DEPARTMENT OF
JUSTICE at the time of the initial unlawful *ultra vires* acts were perpetrated by the
Defendant(s) upon the Plaintiffs, ATTORNEY GENERAL WILLIAM BARR is
being sued in his individual capacity, and his principle place of business was
Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C §
7701(a)(10).

63. Defendant, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
KATHERINE R. POWERS, is proper Party to the action and an Agent for the
DEFENDANT UNITED STATES CORPORATION in the DEPARTMENT OF
JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the
Defendant(s) upon the Plaintiffs. Attorney POWERS is being sued in her individual
capacity and her principle place of business is Washington, in the 10 mile District of
Columbia and its territories per 26 U.S.C § 7701(a)(10).

64. Defendant, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
BRADLEY A. SARNELL, is proper Party to the action and an Agent for the
DEFENDANT UNITED STATES CORPORATION in the DEPARTMENT OF
JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the
Defendant(s) upon the Plaintiffs. Attorney BRADLEY A. SARNELL is being sued in
his individual capacity and his principle place of business is Washington, in the 10
mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

65. Defendant, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
SARAH T. MAYHEW is proper Party to the action and an Agent for the
DEFENDANT UNITED STATES CORPORATION in the DEPARTMENT OF
JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the
Defendant(s) upon the Plaintiffs. Attorney SARAH T. MAYHEW is being sued in
her individual capacity and her principle place of business is Washington, in the 10
mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

66. Defendant, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY
LAQUITA TAYLOR-PHILLIPS is proper Party to the action and an Agent for the
DEFENDANT UNITED STATES CORPORATION in the DEPARTMENT OF
JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the
Defendant(s) upon the Plaintiffs. Attorney LAQUITA TAYLOR-PHILLIPS is being
sued in her individual capacity and her principle place of business is Washington, in
the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

67. Defendant, I.R.S. ACCOUNTING OPERATIONS MANAGER BENJAMIN F.
RAY, is proper Party to the action and an Agent for the UNITED STATES
CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful
*ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. I.R.S.
employee, BENJAMIN F. RAY is being sued in his individual capacity and his
principle place of business is Washington, in the 10 mile District of Columbia and its
territories per 26 U.S.C § 7701(a)(10).

68. Defendant, I.R.S. APPEALS TEAM MANAGER RHONDA R. WARREN, is proper
Party to the action and an Agent for the UNITED STATES CORPORATION in the

INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT RHONDA R. WARREN is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

69. Defendant, I.R.S. Revenue Officer SARAH DAVIDSON, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT SARAH DAVIDSON is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

70. Defendant JOHN SHATRAW, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT JOHN SHATRAW is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

71. Defendant JAMES GREENWAY, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT JAMES GREENWAY is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

72. Defendant KENNETH O, JUSTICE, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT KENNETH O. JUSTICE is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

73. Defendant R.A. MITCHELL an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT KENNETH O. JUSTICE is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

74. Defendant MICHAEL W. COX, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT KENNETH O. JUSTICE is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

75. Defendant ELBA Y. PORRATA-DORIA, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT ELBA Y. PORRATA-DORIA is being sued in her individual capacity and her principle place of business is

Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

76. Defendant BART BRELLENTHIN, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT BART BRELLENTHIN is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

77. Defendant C.D. BAILEY, an I.R.S. Revenue Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT C.D. BAILEY is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

78. Defendant COLIN P. KELLY, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT COLIN P. KELLY is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

79. Defendant DEBORAH JAMES, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by

the Defendant(s) upon the Plaintiffs. AGENT JAMES is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

80. Defendant CYNTHIA D. SPRY, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT SPRY is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

81. Defendant NEIL CASEY, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT CASEY is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

82. Defendant JAMES BECK, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT BECK is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

83. Defendant JOHN B. MURPHY, an I.R.S. Revenue Officer is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL

REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT MURPHY is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

84. Defendant, I.RS. SUPERVISORY FIELD AGENT DAVID SMITH is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. SUPERVISORY FIELD AGENT DAVID SMITH is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

85. Defendant ROBERT CARBAUGH, an I.R.S. Appeals Officer, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT ROBERT CARBAUGH is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

86. Defendant, IRS DIRECTOR OF SPECIALTY COLLECTIONS CHERYL CORDERO, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT CHERLY CORDERO is being sued in her individual capacity and her principle place

of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

87. Defendant LASONIA KIMES, an I.R.S. Advisory Group Agent, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT LASONIA KIMES is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

88. Defendant L. DUNN, an I.R.S., an I.R.S. Advisory Group Manager, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT L. DUNN is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

89. Defendant LISA MORRISON, an I.R.S. Advisory Group Manager, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT LISA MORRISON is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

90. Defendant, I.R.S. GENERAL ATTORNEY JAMES P. CALIGURE, I.R.S. ASSOCIATE AREA COUNSEL is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the DEPARTMENT OF JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. ATTORNEY JAMES P. CALIGURE is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

91. Defendant, MONICA E. KOCH is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the DEPARTMENT OF JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. ATTORNEY MONICA E. KOCH  is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

92. Defendant, PAUL G. ALVARADO, an I.R.S. Territory Manager, is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT PAUL G. ALVARADO is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

93. Defendant, SHERRI HOLCOMB, an I.R.S. Operations Manager for collections, is a proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts

were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT SHERRI HOLCOMB is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

94. Defendant, TONYA WILLIAMS-WALLACE, an I.R.S. Operations Manager, is a proper Party to the action and an Agent for the UNITED STATES CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT TONYA WILLIAMS-WALLACE is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

95. Defendant, BUREAU OF ALCOHOL, TOBACCO & FIREARMS CRIMINAL INVESTIGATIONS DIVISION OFFICER DAVID FERS, is proper Party to the action and an Agent for the UNITED STATES CORPORATION working in an *ad hoc* capacity for INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. CID AGENT DAVID FERS is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

96. Defendant BUREAU OF ALCOHOL, TOBACCO & FIREARMS CRIMINAL INVESTIGATIONS DIVISION OFFICER RYAN SPENCER is proper Party to the action and an Agent for the UNITED STATES CORPORATION working in an *ad hoc* capacity for INTERNAL REVENUE SERVICE at the time the unlawful *ultra*

*vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. CID AGENT RYAN SPENCER is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

97. Defendant, BUREAU OF ALCOHOL TOBACCO & FIREARMS CID OFFICER MARK MACPHERSON, is proper Party to the action and an Agent for the UNITED STATES CORPORATION working in an *ad hoc* capacity for the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. CID AGENT MARK MACPHERSON is being sued in his individual capacity and his principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

98. Defendant, BUREAU OFALCOHOL TOBACCO & FIREARMS OFFICER KELLY MAEDA, is proper Party to the action and an Agent for the UNITED STATES CORPORATION working in an *ad hoc* capacity for the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. CID AGENT KELLY MAEDA is being sued in her individual capacity and her principle place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

99. Defendant, BUREAU OF ALCOHOL TOBACCO & FIREARMS OFFICER JOSEPH ZEIGLER, is proper Party to the action and an Agent for the UNITED STATES CORPORATION working in an *ad hoc* capacity for the INTERNAL REVENUE SERVICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. CID AGENT ZEIGLER is being sued in his

individual capacity and his principle place of business is Washington, in the 10 mile

District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

100.    Defendant, DEPARTMENT OF THE TREASURY INSPECTOR GENERAL

FOR TAX ADMINISTRATION OFFICER (TIGTA), Special Agent

CHRISTOPHER J. GUST, is proper Party to the action and an Agent for the

UNITED STATES CORPORATION in the DEPARTMENT OF THE TREASURY

at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon

the Plaintiffs. TIGTA Special Agent CHRISTOPHER J. GUST is being sued in his

individual capacity and his principle place of business is Washington, in the 10 mile

District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

101.    Defendant, I.R.S. RICS/IVO PROGRAM MANAGER CHRISTINE L. DAVIS,

is proper Party to the action and an Agent for the UNITED STATES

CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful

*ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT

CHRISTINE L. DAVIS is being sued in her individual capacity and her principle

place of business is Washington, in the 10 mile District of Columbia and its territories

per 26 U.S.C § 7701(a)(10).

102.    Defendant, I.R.S. DISCLOSURE SPECIALIST SUMMER A. SUTHERLAND,

is proper Party to the action and an Agent for the UNITED STATES

CORPORATION in the INTERNAL REVENUE SERVICE at the time the unlawful

*ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. AGENT

SUMMER SUTHERLAND is being sued in her individual capacity and her principle

place of business is Washington, in the 10 mile District of Columbia and its territories per 26 U.S.C § 7701(a)(10).

103.   Defendant, UNITED STATES CHAPTER 13 TRUSTEE, ROBERTA NAPOLITANO, ESQ. is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the UNITED STATES DEPARTMENT OF JUSTICE as Bankruptcy Court Trustee at the time the unlawful *ultra vires* acts were jointly perpetrated by the Defendant(s) upon the Plaintiff MOSES NELSON. U.S. TRUSTEE ROBERTA NAPOLITANO is being sued in her individual capacity and her principle place of business is 10 Columbus Blvd., Hartford, Connecticut 06106.

104.   Defendant ELIZABETH A. KANE, ESQ., is proper Party to the action and an Agent for the UNITED STATES CORPORATION in the UNITED STATES DEPARTMENT OF JUSTICE as Bankruptcy Court Trustee at the time the unlawful *ultra vires* acts were jointly perpetrated by the Defendant(s) upon the Plaintiffs Marciaminajuanecita R. T. Dumlao, Elvah Bliss Miranda and Daniel Miranda. U.S. TRUSTEE ELIZABETH A. KANE is being sued in her individual capacity and her principle place of business is 10 Columbus Blvd., Hartford, Connecticut 06106.

105.   Defendant(s). UNKNOWN OTHERS, JOHN "DOEs" AND JANE "ROEs", 1 THROUGH 100; are proper Party(s) to the action and are Agents for the UNITED STATES TREASURY, the INTERNAL REVENUE SERVICE or the DEPARTMENT OF JUSTICE at the time the unlawful *ultra vires* acts were perpetrated by the Defendant(s) upon the Plaintiffs. These unknown AGENT(s) are being sued in their individual capacities and their principle place of business is

presumed to be Washington, in the 10 mile District of Columbia and its territories,
per 26 U.S.C § 7701(a)(10).

106.    Defendant(s), and each of them, are at all times herein mentioned, Agents,
Attorneys and employees of the Defendant UNITED STATES. Defendant UNITED
STATES is a federal corporation per 28 U.S.C. § 3002, and organized under the
existing Organic laws of the *de jure* United States of America whose principle place
of business is the 10 mile square District of Columbia proper.

107.    Plaintiffs are ignorant of the true names and capacities of Defendant(s) being sued
herein as JOHN and JANE "DOES" 1 through 100, inclusive, and therefore sues
these Defendant(s) by such fictitious names. All parties who are corporate fictions
acting as Agents on behalf of the Government are all also being sued in their
individual capacities. Plaintiffs hereby respectfully reserve the right to amend the
Complaint to allege these Defendant(s) true names and capacities when ascertained.

108.    Plaintiffs have reason to believe, and thereon alleges, that at all times herein
mentioned, each of the Defendant(s) sued herein was and / or is an Agent, Attorney or
employee of the corporate Defendant UNITED STATES, and was, and / or is at all
times relevant to this Complaint, acting under the auspices of such Agency
Relationship and employment.

## STATEMENT OF FACTS AND LAW
## GIVING RISE TO PLAINTIFF'S CAUSES OF ACTION

Plaintiff(s) must first and foremost make verifiable claim against the Defendant(s), and
each of them, for their pernicious *ultra vires* acts without lawful authority as verified from the
jurisdictional purview of UNITED STATES TAX COURT. Each of the Plaintiff(s) named in this
putative class have an Order from the United States Tax Court that confirms the fact that the

I.R.S. Defendant(s), and each of them, did not follow the requisite statutory guidelines that would produce the necessary documentation to confer jurisdiction upon the Tax Court for issues of a tax liability or other tax law violation which Plaintiff(s) would be liable for. The Secretary of the DEPARTMENT OF THE TREASURY, the Internal Revenue Code, and the Commissioner of the INTERNAL REVENUE SERVICE are all Defendant(s), based upon the actions of the Defendant Agents, Attorneys and employees under their charge pursuant to the Doctrine of *Respondeat Superior*.

The Defendant(s), and each of them, who perpetrated *ultra vires* acts against Plaintiff's rights protected by the Constitution of these United States of America, which have invariably been construed as the common law equitable rights all Americans are endowed with by God Almighty that cannot be infringed upon without lawful authority or under Color of Law.

It is Plaintiff(s) verifiable assertions that the Defendant(s), and each of them, did not have authority to implement their heavy handed collection actions have given rise to Plaintiffs irrefutable causes of action because of the pernicious *ultra vires* acts of the Defendant(s) to intentionally violate the Plaintiffs unalienable constitutional rights to privacy, property and pursuit of prosperity as clearly evidenced and established by the fact that the UNITED STATES TAX COURT issued an Order that it did not have any jurisdiction whatsoever over any subject matter related to the Plaintiffs for the taxable years 2000 through 2017.

The Plaintiff(s) hereby make this Court aware that each Plaintiff has their own United States Tax Court Order which the I.R.S. Defendant(s) Attorneys filed Motions to Dismiss admitting that they have no documentation that would confer jurisdiction upon the Tax Court concerning Plaintiff's liability relating to any tax matters. (*See* Exhibit "A", Plaintiff Eurich Z. Griffin III's U.S. Tax Court Order, I.R.S. Defendant(s) Attorney's Motion to Dismiss Plaintiff

Griffin III's U.S. Tax Court Petition, and Plaintiff Griffin III's Declaration in Support thereof).
The Exhibit "A" that Plaintiff Griffin III proffers to this Court as an Exhibit is the same
verifiable self-authenticating evidence each Plaintiff has which is what makes each of the
Plaintiff(s) similarly situated and eligible for Class Action certification.

Given the facts and law as stipulated herein, it therefore stands to reason that because the
I.R.S. Defendant(s), and each of them, admittedly did not have any documentation required by
the statutes and regulations of the Internal Revenue Code to elicit any collection action against
the Plaintiff(s), then as a matter of situational circumstance and/or complicit actions of the
Defendant(s) herein who participated in the facilitation and enabling of the deprivation of
Plaintiff(s) rights hereof, any other Agent, Attorney or employee of the Defendant United States
have also effectively engaged in a conspiracy to cover up and obstruct the Plaintiff(s) ability to
obtain justice in accordance with the Organic Law for these United States of America, and the
States wherein Plaintiff(s) live.

## BACKGROUND FACTS

109.    To validate and establish the foregoing facts mentioned in the paragraph above,
        attached hereto as an offer of proof are certified copies of Motions to Dismiss for lack
        of jurisdiction filed by I.R.S. Attorneys Acting Chief Counsel, William M. Paul, IRS
        Senior Counsel, John R. Mikalchus, I.R.S. Division Counsels Bruce K. Meneely,
        Frances F. Regan, Debra Reale, which were submitted by them to the TAX COURT
        regarding the specific procedural protocols prior to any collection action that the
        Defendant I.R.S. Agents are required by law to file and send to the Party Plaintiffs in
        order to effectuate proper procedural due process and establish the validity of any

purported claim said IRS Agents are implementing on behalf of the federal government.

110.    Said Motions to Dismiss that were submitted by the Attorneys for the I.R.S. Agents to the UNITED STATES TAX COURT, for which the TAX COURT judge subsequently granted for the good reasons shown therein are the *prima facie* grounds confirming the fact that the Defendant I.R.S. Agents did not have requisite authority to implement their *ultra vires* collection actions against the Plaintiffs. (*See* attached copies of Motions to Dismiss UNITED STATES TAX COURT petitions submitted by the I.R.S. Acting Chief Counsel, William M. Paul, IRS Senior Counsel, John R. Mikalchus, I.R.S. Division Counsels Bruce K. Meneely, Frances F. Regan, and Debra Reale to mention a few, in the Plaintiffs Declarations, Offers of Proof and Exhibits, for each Party Plaintiff respectively).

111.    In the said Motions to Dismiss filed by Attorneys for the I.R.S. to the UNITED STATES TAX COURT that are being referenced by Plaintiffs in the paragraph above and attached as part and parcel of each Plaintiffs Declarations, Offers of Proof and Exhibits, the Attorneys for the I.R.S. specified in no uncertain terms in their Motions to Dismiss that, "...¶4. Based on respondent's [I.R.S. Attorneys] diligent search, and based on a review of respondent's records kept in the ordinary course of business when respondent issues and mails a notice of deficiency to a specific taxpayer, there is no record, information or other evidence indicating that a notice of deficiency authorized by I.R.C. § 6212 was mailed to petitioner with respect to taxable years 2000 through 2017...¶5. Accordingly, respondent has determined, based upon the foregoing, that no notice of deficiency sufficient to confer jurisdiction on the Court

pursuant to §§ 6212 & 6213 has been sent to petitioner with respect to taxable years 2000 through 2017…¶6. Respondent has further determined based upon the above described diligent search that no other determination has been made by respondent that would confer jurisdiction upon this Court for taxable years 2000 through 2017…

**¶7. Additionally, respondent has not made any other determinations with respect to petitioner's taxable years 2000 through 2017 that would confer jurisdiction on this Court… ¶9. Therefore, respondent moves that this case be dismissed for lack of jurisdiction as to taxable years 2007 through 2017 upon the ground that no statutory notice of deficiency, as authorized by I.R.C. §§ 6212 and required by 6213(a) to form the basis for a petition to this Court, has been sent to petitioner with respect to taxable years 2000 through 2017 that would confer jurisdiction on this Court."**

112.    Plaintiffs respectfully aver the fact that in the above stated paragraphs being referred to herein are cited word for word from the I.R.S. Attorneys own Motions to Dismiss Plaintiff's Petitions to the TAX COURT.

113.    Based upon the I.R.S. Attorneys own admissions within their Motions to Dismiss the Plaintiff's TAX COURT PETITIONS that it is without doubt or speculation the Defendant(s) named herein absolutely did not have any jurisdiction to implement a heavy handed collection action against the Plaintiffs which is confirmed by the fact that shortly after the filing of these Motions to Dismiss by I.R.S. Attorneys in the TAX COURT, the TAX COURT judge granted their Motions to Dismiss and issued an Order confirming the fact that the UNITED STATES TAX COURT had no jurisdiction to hear any issues concerning the Plaintiff's Tax liability or any presumed

error and false accusations of fraud without the requisite documentation to determine

and establish any such assumptions. (*See* certified copies of the UNITED STATES

TAX COURT Orders signed by the TAX COURT judge dismissing the TAX

COURT Petitions for lack of jurisdiction that Plaintiffs filed within the Declarations,

Offers of Proof and Exhibits for each Plaintiff respectively).

114.    The significance of the TAX COURT's Order granting the I.R.S. Respondents

Motion for dismissal of Plaintiff's TAX COURT Petitions is that it establishes the

fact that the when TAX COURT has no jurisdiction, it stands to reason that the I.R.S.

Agents implementation and execution of Tax Law statutes, codes and regulations are

without merit because the TAX COURT is the overall venue and jurisdiction for the

adjudication of Tax Law violations. Thus, should the Defendant(s), and each of them,

act under any unlawful and unauthorized presumptions of enforcing INTERNAL

REVENUE CODE (I.R.C.) violations, which they admittedly have no proof of

establishing within the jurisdiction of the TAX COURT as established by their own

Motion to Dismiss, such acts to implement and execute their presumptions of Tax

Law violations against the Plaintiffs are now construable to be *ultra vires* in its force

and effect, and the implementation and execution of their collection actions are in

Contempt of the TAX  COURT's Order, and in violation of the rights of the

Plaintiffs, and they should be enjoined from implementing their unlawful *ultra vires*

collection actions in violation of the TAX COURT Orders, when the requisite

authority of the TAX COURT's jurisdiction is non-existent.

115.    To reiterate, in the I.R.S. Attorneys Motions to Dismiss the Plaintiff's Petitions to

the UNITED STATES TAX COURT, they admitted that they did not have the

requisite Notices or "other" documentation to confer jurisdiction on the TAX COURT, and therefore, the Defendant(s) herein are not only without the ability to confer jurisdiction in the TAX COURT against the Plaintiffs in order to justify their heavy handed collection actions, but it stands to reason that they also do not have jurisdiction and authority to implement their heavy handed collection actions they already initiated against Plaintiffs which has caused the Plaintiffs great harm and irreparable injury. And the evidence of the violations of law perpetrated by all the Defendant(s) with regard to that fact is their own Motions to Dismiss and the TAX COURT Order granting their Motions which form the basis of a *prima facie* verifiable cause of action that Plaintiffs hereby submit to this Court for Agency review, because Plaintiffs verifiably have an inalienable right to invoke this Court's jurisdiction for remedy and relief.

116.    Plaintiffs hereby respectfully give this Court Mandatory Judicial Notice of Law with an Offer of Proof pertaining to the Exhibits proffered by the Plaintiffs to the Court with their Declarations attached herein that establishes the fact that the Defendant(s), and each of them, absolutely had no jurisdiction to initiate a heavy handed collection action against the Plaintiffs because there were no lawful Certificates of Assessments, Notices of Deficiencies or any other lawfully required documentation rendering a determination which would give the Defendant(s), and each of them, the authority to implement and execute a heavy handed collection action against Plaintiffs that would confer the jurisdiction of the UNITED STATES TAX COURT to adjudicate the laws governing any such collection action in the first place.

117.    Plaintiffs affirmatively avers the fact that **_all_** conduct on the part of the

Defendant(s), and each of them, verifiably complained of herein, was, is, or will be in

excess of their statutory authority and official right.

118.    Plaintiff affirmatively avers the fact that all the Defendant(s), and each of their

past, present and threatened actions are 1) without lawful jurisdiction; 2) arbitrary,

capricious and an abuse of discretion, or otherwise **_not_** in accordance with law; 3) in

excess of statutory jurisdiction, by their own admission in their Motion to Dismiss in

TAX COURT; and 4) without requisite observance of the procedural provisions of

due process of law under 5 U.S.C. 552a, and the Constitution of the United States of

America, as more specifically identified in the Bill of Rights.

119.    Plaintiff respectfully gives judicial notice of the TAX COURT's governing

authority and enforceability of its decisions:

**35.1.1.1  (08-11-2004)**
**Introduction**

1.  The United States Tax Court is established as a court of record under Article I of
    the Constitution by section 7441 of the Internal Revenue Code. The Tax Court's
    jurisdiction is generally prescribed by section 7442, but specific grants of
    jurisdiction are interspersed throughout the Code. The procedure under which the
    court operates is prescribed in sections 7451 through 7465. Pursuant to its
    statutory authority in section 7453, the court has promulgated Rules of Practice
    and Procedure under which it operates. Except in proceedings conducted under
    sections 7436(c) and 7463, the rules of evidence applicable in the Tax Court are
    the rules of evidence applicable in trials without a jury in the United States
    District Court for the District of Columbia Section 7453. The specific Internal
    Revenue Code provisions conferring Tax Court jurisdiction are discussed in
    subsequent text.

**435.9.1.3.1  (08-11-2004)**
**Finality of Tax Court Decision**

Section 7481 governs the finality of a Tax Court decision. The attorney
should keep in mind that **finality of the decision is a prerequisite to**
**assessment procedures. The finality of a Tax Court decision is important**

**since the entire assessment and collection procedure is dependent upon the timing of such finality.**

1. The decision of the Tax Court will become final upon the expiration of the appeal period (90 days from the date the decision is entered) if no appeal is taken by either party during that time. The appeal period may be extended by a motion to vacate or revise the decision or by a motion for litigation costs (since the court typically vacates the decision and enters a new decision determining the award of litigation costs, if any).

**35.8.1.7  (08-11-2004)**
**Certification of Decision or Dismissal Order**

1. **The court's decision or order of dismissal is the final order closing the case. When the decision or order becomes final, it generally cannot thereafter be vacated or modified. The court's decision or order, together with the administrative computation upon which it is based, must form the basis for the administrative closing of the case by the assessment and collection of any amount due from the petitioner, or the refund or credit of any overpayment due to the petitioner.**

http://www.irs.gov/irm/part35/irm_35-008-001.html

**IRM 4.10.7.2.9.8 (05/14/99) Importance of Court Decisions**

1. *"Decisions made at various levels of the court system are considered to be interpretations of tax laws and may be used by either an examiner or taxpayers to support a position.*

2. *Certain court cases lend more weight to a position than others. A case decided by the U.S. Supreme Court becomes the law of the land and takes precedence over decisions of lower courts. The Internal Revenue Service must follow the Supreme Court decisions. For examiners, Supreme Court decisions have the same weight as the Code.*

3. *Decisions made by lower courts, such as Tax Courts, District courts, or Claims Court are binding on the Service ONLY for the particular taxpayer and the years litigated. Adverse decisions of lower courts do not require the Service to alter its position for other taxpayers."*

**As a general rule, once the Tax Court's decision has become final, it may not take further action absent fraud on the court. Lasky v. Commissioner, 352 U.S. 1027 (1957). A party may raise a jurisdictional issue after a decision in the case has become**

final under section 7481. (*See* <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999 (1978), and 71 T.C. 108 (1978).

120.   Plaintiff respectfully brings to the Court's attention, as a matter of reference, what

the I.R.S. Misconduct Complaint Procedure is. Under **13.1.15:**

**<u>Customer Complaints/RRA98 §1203 Procedures:</u>**

**Manual Transmittal** August 08, 2016

**Purpose**

(1) This transmits a non-procedural update to **IRM 13.1.15, Taxpayer Advocate Case Procedures, Customer Complaints/RRA98 § 1203 Procedures.**

**Material Changes**

(1) 13.1.15.2 Updated this paragraph to add link to the Taxpayer Bill of Rights II (TBOR 2) for clarification.

(2) Minor formatting and grammatical changes made throughout the section.

**Effect on Other Documents**
IRM 13.1.15 dated September 10, 2010 is superseded.

**Audience**
Primarily Taxpayer Advocate Service and all Operating Divisions and Functions.

**Effective Date**
(08-08-2016)

Signed by Nina E. Olson, National Taxpayer Advocate.

**13.1.15.1  (01-06-2009)**
**Introduction to Customer Complaints/RRA98 § 1203 Procedures**

> 1.  Complaints about IRS employee conduct should be evaluated and acted upon according to the procedures described in **RRA '98 §1203 All Employee Guide (Document 11043).**
>
> - **Allegations determined to be potential IRC §1203 violations will be sent to Treasury Inspector General for tax Administration (TIGTA) for processing and investigation, if required.** *See IRM 13.1.15.3, RRA98 §1203 - Employee Responsibilities.*

- Allegations determined to contain no §1203 violations will be handled using administrative procedures. *See IRM 13.1.15.4 , Customer Complaints (Non - §1203 Violations)*.

### 13.1.15.2  (08-08-2016)
### Elements of Misconduct

1. The Taxpayer Bill of Rights II (TBOR 2) defines three elements of misconduct:

   - **An employee violated a law, regulation, or rule of conduct (these cases are worked and reported by Treasury Inspector General for Tax Administration (TIGTA);**

   - An IRS system failed to function properly or within proper time frames (these cases are worked as Taxpayer Advocate Service cases); or

   - **An IRS employee treated a taxpayer inappropriately in the course of official business. For example, rudeness, over zealousness, excessive aggressiveness, discriminatory treatment, and intimidation. (These cases will be worked/handled by management within the employee's function.)**

### 13.1.15.3  (01-06-2009)
### RRA98 §1203 – Employee Responsibilities

1. Employees should have a basic understanding of the conduct provisions of IRC § 1203 as outlined in Document 11043, *RRA98 § 1203 All Employee Guide*. Employees are also responsible for reporting allegations involving potential IRC § 1203 violations to their manager for forwarding to the appropriate officials. Depending on the nature of the allegations, these officials may be management or TIGTA.

2. **The employee's manager is required to complete Form 12217, § 1203 Allegation Referral Form, and determine if the case should be referred to TIGTA or management. Except for EEO and tax related issues, allegations relating to all Executives, Senior Level Managers (pay banded and supervisory GS-15s) and Criminal**

**Investigation Employees must be directly and immediately referred to TIGTA.**

3. **The following types of employee misconduct cases require referral to the manager for §1203 consideration:**

- False statements under oath;

- **Falsification of documents;**

- Assault or battery;

- **Misuse of IRC § 6103** (Disclosure);

- Threat of Audit;

- **Seizure violations;**

- **Infringement of taxpayer's constitutional rights;**

- **Harassment/Retaliation;**

- Discrimination;

- Failure to file; or

- Understatement of liability.

**13.1.15.4  (07-31-2010)**
**Customer Complaints (Non - §1203 Allegations)**

1. Information regarding inappropriate behavior may be brought to the Case Advocate's attention through internal sources, taxpayers or third parties. All cases alleging inappropriate conduct or handling by an IRS employee or IRS manager must be referred to the employee's manager. However, allegations relating to the manager should be referred to that manager's immediate manager. Obtain the taxpayer's name, address, telephone number and specifics of the alleged inappropriate behavior and or complaint. Also obtain the name, identification number, function and location of the IRS employee. Submit the information, as indicated above, to the manager for appropriate action.

2. Issues or concerns involving IRS policy, procedure, or practice may be referred to the Human Capital Office, Employee Conduct and Compliance Office (ECCO). ECCO ensures employee and taxpayer

concerns about IRS employee conduct are addressed in a fair, objective and timely manner. For additional information see Document 11325, *Don't Let it Happen to You! Section 1203 Tax Compliance Violations.*

121.    Plaintiffs have taken liberty to italicize in bold lettering the articles to the

Taxpayer Bill of Rights that the Defendant(s), and each of them, have violated under

their own Agency protocols.

122.    Plaintiffs also give Mandatory Judicial Notice of the law concerning violations of

Taxpayer's rights by IRS Agents under 26 U.S.C. § 7214:

TITLE 26. INTERNAL REVENUE CODE
SUBTITLE F. PROCEDURE AND ADMINISTRATION
CHAPTER 75. CRIMES, OTHER OFFENSES AND FORFEITURES
SUBCHAPTER A. CRIMES
PART I. GENERAL PROVISIONS

26 USCS § 7214 Offenses by officers and employees of the United States.

(a) Unlawful acts of revenue officers or agents. *Any officer or employee* of the United States acting in connection with any revenue law of the United States--
    (*1*) *who is guilty of any extortion or willful oppression under color of law; or*
    (2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or
    (*3*) *who with intent to defeat the application of any provision of this title fails to perform any of the duties of his office or employment;* **or**
    (*4*) who conspires or colludes with any other person to defraud the United States; or
    (*5*) who knowingly makes opportunity for any person to defraud the United States; or
    (*6*) who does or omits to do any act with intent to enable any other person to defraud the United States; or

    (*7*) *who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or*

    (*8*) *who, having knowledge or information of the violation of any revenue law by*

*any person, or of fraud committed by any person against the United States under*

*any revenue law, fails to report, in writing, such knowledge or information to the*

***Secretary; or***

(*9*) who demands, or accepts, or attempts to collect, directly or indirectly as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do; **shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $ 10,000, or imprisoned not more than 5 years, or both.** The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

122.  Plaintiffs hereby give the Court judicial notice of the law concerning 26 U.S.C. § 7214(a)(7) as it relates to 18 U.S.C. § 1001. Under 26 U.S.C. § 7214(a)(7) it provides for penalizing employee(s) who makes fraudulent entries or signs fraudulent statements does not preclude conviction of employee(s) under 18 U.S.C. § 1001 for "knowingly and willfully submitting false and fraudulent reports concerning an audit of a taxpayer's return." (*See* <u>United States v. Eisenmann</u>, 396 F. 2d 565 [1968 CA2 NY]).

123.  Plaintiffs have submitted numerous FOIA requests to the I.R.S. and made TIGTA

124.  Complaints notifying and requesting certified copies of a duly signed Certificate of Assessment and I.R.S. Form 23-C, which they never received any response from the respective Agencies to qualify the fulfillment of any such requests, and Plaintiffs

have reason to believe, after the admissions made by the I.R.S. Attorneys Motions to Dismiss Plaintiff's petitions to the TAX COURT, that the I.R.S. Defendant(s) did not qualifiedly respond to their FOIA requests because the I.R.S. did not have any documentation to validate their unlawful collection actions against the Plaintiffs. All of which makes the Defendant TIGTA Agents negligently liable for not taking any action against the Defendant I.R.S. Agents who had no lawful authority to implement an unlawful collection action against Plaintiffs because as an oversight Agency for the I.R.S. it is their duty to ensure that the rights of the Plaintiffs are protected and respected.

125.   Defendant(s), and each of them, knew or should have reasonably known that the forms Plaintiffs were requesting are requisite forms validating the duly authorized Assessment of a specific Taxpayer, and the Defendant(s), and each of them, never provided any lawfully required and requested forms. To date, there has not been total non-compliance to answer any and all FOIA requests made by the Plaintiffs to the IRS, nor has there been any disclosure of any violations from Complaints made to the TIGTA Defendant(s) by the Plaintiffs.

126.   Besides the fact that the Defendant(s), and each of them, are in Contempt of the TAX COURT Order to impose any heavy handed collection action without the ability to confer jurisdiction on the TAX COURT that would validate such collection action, but Defendant(s) also were in violation of the Federal Tax Lien Act of 1966 (*See* Public Law 89-719, 80 Stat. 1125, 26 U.S.C. 6331, which specifies that the only Agents with Levy authority are Alcohol, Tobacco and Firearms Agents.

127.   It is a matter of I.R.S. standard operating procedure that an IRS field Agent is not authorized by law to file a Federal Tax Lien. Only Bureau of Alcohol, Tobacco and Firearms Agents acting under the authority and implementing regulations of Title 27 are authorized to file federal Tax Liens. The Defendant I.R.S. Agents who filed Notices of federal tax liens against Plaintiffs using IRS Form 668Y, "Notice of Tax Lien" to implement the pernicious *ultra vires* encumbrances to levy or place liens on Plaintiff's property did so without authority or implementing regulations provided for under Title 26.

128.   Not to mention the fact that the U.S. Attorneys who represent the I.R.S. Defendant(s) have conspired with them to conceal the egregious pernicious ultra vires acts of the I.R.S. Defendant(s), and obstruct the Plaintiff's pursuit of justice in redress of grievances for remedy and relief from the I.R.S. Defendant(s) deprivations of Plaintiff's rights under Color of Law.

129.   Of Particular note, Defendant U.S. Attorney Sarah T. Mayhew fraudulently manufactured a Certificate of Assessment several years after the purported tax liability attributed to Plaintiff Karrine N.: Montaque to present in U.S. Bankruptcy Court against Plaintiff Karrine N.: Montaque.

130.   Defendant U.S. Attorneys Bradley A. Sarnell and Katherine R. Powers has also deliberately failed to follow their procedural requirements as Attorneys for the I.R.S. to file "...**a disclaimer on behalf of the United States" in cases where the records of the Service (I.R.S.) disclose no outstanding tax lien,**" under Internal Revenue Service Manual Part 5, Chapter 17 "Procedure and Responsibility" (5.17.5.18.8(d), which is sanctionable under 5 U.S.C. § 556(d).

131. This Court must be eminently aware that within this verified Civil Complaint Plaintiff has clearly and plausibly elucidated on the fact that the I.R.S. Defendant(s), and each of them, do not have any authority to elicit any collection action against the Plaintiff(s) for the taxable years specified within Plaintiff(s) Tax Court Order that Plaintiff has as a self-authenticating evidentiary document substantiating the fact of the I.R.S. Defendant(s) lack of authority to implement any collection action against Plaintiff.

132. Given the facts and law as specified herein, the U.S. Attorneys are required by law to file a "**disclaimer**" repudiating, renouncing, and disavowing any presumed interest, right or property imputed to be in the control or the auspices of the I.R.S. Defendants, and none of the U.S. Attorneys or Treasury Inspector General for Tax Administration Agents (TIGTA) made any disclaimer or disclosure of such presumed interest in Plaintiff's private property.

133. Plaintiff(s) affirmatively avers, that because the Defendant U.S. Attorneys and TIGTA Agents did not make any effort to follow the procedural protocols of disclosure and disclaimer, they are effectively aiding and abetting in the commission of depriving Plaintiff(s) of constitutionally protected rights under Color of law, which is also a felony under Title 18 of the United States Code.

134. The Defendant U.S. Attorneys have also perjured their Oath of Office by conspiring to deprive, obstruct and cover up the pernicious *ultra vires* acts of the Defendant(s), and each of them, that are being perpetrated against the Plaintiff(s), even as this case is being filed.

135.   It is a matter of Agency record that the I.R.S. Form 668Y became obsolete on April 1, 1998. So, arguably the filing of such a Notice of Levy or Lien can be construed as filing a false document, which is a violation of law under the FDCPA (for debt collection violations).

136.   Defendant(s), and each of them, who are I.R.S. Agents and employees are also acting in violation the Uniform Commercial Code (U.C.C.), the Fair Debt Collections Practices Act (FDCPA) and the Uniform Federal Tax Lien Act.

137.   The Uniform Federal Tax Lien Act directs that federal tax liens must comply with the U.C.C.  The specific components of compliance with U.C.C. lien filings is: 1) there must be a valid U.C.C.–1 Form filed, upon which is shown the alleged debtor's signature and the creditor's signature. Without these two signatures on this instrument, an invalid Notice of Lien is filed.  2) There must be financing statement/security agreement signed by the alleged debtor and the secured party. The IRS Agent must comply as a presumed creditor, in accordance with U.C.C. § 9-402. This financing statement is also mentioned in U.C.C. § 9-403. Without this, any Notice of Lien is invalid and a *dolus*. 3) There must be a valid Court Order based on a Court judgment wherein the alleged debtor has had due process opportunity to contest the alleged debt. Without this Order and due process, there is no lawful authority and the Notice of Lien is invalid and fraud.

138.   No actual lawful Lien or Levy has been placed upon the Plaintiffs property and paycheck until a Court hearing and due process is afforded, otherwise it is the *ultra vires* act of taking personal private property in violation of the 4th, 5th, and 14th Amendments of the Constitution. (*See* C.F.R. Part 600 § 601.106(f)(1)(I).

139.    To place a Notice of Lien/Levy and not an actual Lien/Levy as provided under the

U.C.C. procedures by meeting the three (3) criteria specified in the above paragraph

is also found in the Federal Register. (*See* Federal Register, November 14, 1990, Vol.

55. No. 20).

140.    It is a matter of fact and law that the I.R.S. is not an Agency of the federal

government. In the Civil Case of <u>Diversified Metal Products, Inc. v. T-Bow</u>

<u>Company Trust, Internal Revenue Service and Steve Morgan</u>, Civil No. 93-405-E-

EJL (April 2000), the UNITED STATES, as a Third Party Intervenor Defendant for

the I.R.S. in that case, stated on page 2 of their answer and claim at paragraph 2 that

"the I.R.S. is not an Agency for the government." (*See* Exhibit "B", certified copy of

Trial Court Transcript for <u>Diversified Metal Products, Inc. v. T-Bow Company Trust,</u>

<u>Internal Revenue Service and Steve Morgan</u>).

141.    Based upon the testimony of the Department of Justice Attorney in, the I.R.S. is

not above the law, and is not exempted from the procedures laid out by the Public

Law of Congress. That is an irrefutable fact. The I.R.S. Defendant(s) are pseudo-

governmental Debt Collectors, and they are misrepresenting their authority to

implement provisions of Tax Law under Title 27, for which they have absolutely no

jurisdiction to enforce against the Plaintiffs.

142.    As Debt Collectors the I.R.S. Defendant(s) must also follow the FDCPA.

Defendant(s) who are I.R.S. Agents and employees, violated the tenets and

provisions of law under 15 U.S.C. § 1692, ET. SEQ. which specifies:

Debt Collectors must not –

**§ 1692(e)  -  *Make false or misleading representations in communications, or any other false, deceptive or misleading representation or means in connection with the debt collection;***

**§ 1692(e)(2)(A) –** The false representation of (A) the character, amount or legal status of any debt; or

**§ 1692(e)(4) –  *the representation or implication that nonpayment of any debt will result in the arrest or imprisonment or any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the Debt Collector or Creditor intends to take such action;***

**§ 1692(e)(5) –  *the threat to take any action that cannot legally be taken or that is not intended to be taken;***

**§ 1692(e)(7) –  *the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer;***

**§ 1692(e)(8)  -** Communicating or threatening to communicate to any person credit information which is known to be false, including the failure to communicate that a disputed debt is disputed;

**§ 1692(e)(9) –  *The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued or approved by any Court, Official or Agency of the United States or any State, or which creates a false impression as to its source, authorization or approval;***

> **§ 1692(e)(10)** – *the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;*
>
> **§ 1692(e)(11)** – the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action;
>
> **§ 1692(e)(13)** – <u>*the false representation or implication that documents are legal process*</u>.

143.    Defendant(s), who are I.R.S. Agents and employees, have violated virtually all of the provisions of law under the FDCPA. All while trying to impose an unlawful *ultra vires* collection action under Title 27 of the U.S.C.

144.    Plaintiffs have incontrovertible proof that the Defendant(s), and each of them, lack jurisdiction to implement any collection action pursuant to the TAX COURT Orders submitted herein and, and because the Plaintiffs have proof they are not subject to the jurisdiction of the TAX COURT, Plaintiffs also are not within the construct of jurisdiction under Title 27, and the implementing regulations authorizing enforcement of such provisions of law under Title 27 do not apply to the Plaintiffs at all.

145.     However, there is an implementing regulation provisions of law within the construct and purview of Title 27 of the United States Code that actually is relevant to this Complaint and that is 27 C.F.R. 70.167(C) which states in part that: "…Any person who mistakenly surrenders to the United States property or rights to property not properly subject to levy is NOT relieved from liability to a third Party that owns the property."

146.     In the above cited statutory provision of law the phrase "NOT properly subject to Levy" is meant to be construed under two things; one, is the lack of any of the three criteria needed to file a Lien/Levy, secondly, there must be some documentation of a fact presented to the recorder of the Lien/Levy that the one being liened or levied is of the one who is "subject" to such Lien/Levy as defined in Part 70 of 27 C.F.R. and I.R.C. § 6331(a) as a "government employee" (State or federal),  "Law enforcement Officer" or engaged in the business of Alcohol, Tobacco and Firearms.

147.     Plaintiffs hereby give judicial notice of law concerning Civil Damages for Certain Unauthorized Collection Actions under IRM § 5.17.5.16 [12/14/2007] that states:

   1. I.R.C. § 7433 provides that Taxpayers may sue the United States if, in connection with the collection of any federal tax, a Service Officer or employee recklessly or intentionally, or by reason of negligence, disregards any provision of the I.R.C. or implementing regulations.

   2. **The amount of damages that may be awarded is limited to the lesser of:**

a) **$1,000,000.00 (One Million Dollars), if the damages were caused by reckless or intentional disregard or $100,000.00 (One Hundred Thousand Dollars) in the case of negligence, or**

b) **The sum of the actual, direct economic damages sustained by the Taxpayer as a direct and proximate result of the actions of the Service Officer or employee, and the costs of the action.**

148.    Civil damages for unauthorized collection actions by the IRS has been authorized since 1989. Plaintiffs have the right to sue in federal Court for damages when an IRS employee negligently, recklessly or intentionally violates the tax laws, usually in connection with collecting taxes purportedly assessed against a person.

149.    Plaintiffs hereby make a short, plain statement to satisfy the requirements for pleading a cause of action for which relief can be granted in accordance with FRCP Rule 8(a) by stipulating that this Court has pendent jurisdiction over the claims being made by Plaintiffs herein as specified in the jurisdiction portion of this Complaint, and that pursuant to the facts and law specifically delineated in the foregoing paragraphs, as well as the UNITED STATES TAX COURT Order declaring that the I.R.S. and the TAX COURT have no jurisdiction over Plaintiffs and Plaintiffs property,  are equitable grounds giving rise to the Plaintiff's causes of action specified herein, and that such equitable grounds entitles Plaintiffs to the relief sought in order to be made whole again.

150.    In the content and context of this Complaint, Plaintiffs will unequivocally prove, through the I.R.S Attorneys own statements in their Motions to Dismiss Plaintiff's Petitions to the UNITED STATES TAX COURT, and the subsequent Order by the

judge granting the I.R.S. Attorneys Motions to Dismiss in said TAX COURT, that the Defendants(s), and each of them, acted negligently, recklessly and intentionally to violate the tax laws and the rights of the Plaintiffs. Said unequivocal proof that Plaintiffs will proffer to this Court verifiably establishes the fact that the Defendant(s), and each of them, absolutely had no jurisdiction to impose upon the rights of the Plaintiffs whatsoever.

151.     Plaintiffs affirmatively aver that the facts and law as specified in the foregoing paragraphs herein are true, correct, relevant and substantial to Plaintiffs damages and causes of action. The following paragraphs will delineate in detail the damages and verifiable evidence relating to those damages for each individual Plaintiff named hereto.

## INDIVIDUAL PLAINTIFF'S INTRODUCTORY BACKGROUND FACTS AND OFFERS OF PROOF OF DAMAGES
(SEE PLAINTIFF(S) CORRESPONDING DECLARATIONS FOR DETAILS)

152.     Introductory Background Facts and Offer of Proof for Plaintiff  John W. Barry: On or about April 2016, Plaintiff John Barry received a "Notice of Federal Tax Due" from an unknown Defendant I.R.S. Agent. Then shortly after the correspondences Plaintiff John W. Barry received, he sent Defendant(s) a FOIA request which Defendant(s) denied answering. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on his property and continually interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff John W. Barry).

153.    Introductory Background Facts and Offer of Proof for Plaintiff  Karrine N.

Montaque:

On or about March 29, 2016, Plaintiff Karrine N. Montaque received a "Notice of

Federal Tax Due" letter from Defendant I.R.S. Agent SARAH DAVIDSON.

Defendant I.R.S. and Defendant SARAH DAVIDSON then started sending Notices

of Levy and then placed an unlawful *ultra vires* lien on her property and continually

interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof

with Exhibits for the comprehensive details concerning the Defendant(s), and each of

them, violations of Plaintiff Karrine N. Montaque's constitutionally protected rights).

154.    Introductory Background Facts and Offer of Proof for Plaintiff  Moses Nelson:

On or about April 21, 2016, Plaintiff, Moses Nelson, Defendant I.R.S. Agent Sarah

Davidson filed a Notice of Levy and froze his bank accounts without Notice.

Defendant I.R.S. and Defendant SARAH DAVIDSON then started sending Notices

of Levy and then placed an unlawful *ultra vires* lien on his property and continually

interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof

with Exhibits for the comprehensive details concerning the Defendant(s), and each of

them, violations of Plaintiff Moses Nelson's constitutionally protected rights).

155.    Introductory Background Facts and Offer of Proof for Plaintiff  Patricia Hinds:

On or about April 12, 2016, Plaintiff, Patricia Hinds, received a "Notice of Federal

Tax Due" letter from Defendant I.R.S., and shortly thereafter, Agent SARAH

DAVIDSON Defendant I.R.S. then started sending Notices of Levy and then placed

an unlawful *ultra vires* lien on her property and continually interferes with this

Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the

comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Patricia Hinds' constitutionally protected rights).

156.    Introductory Background Facts and Offer of Proof for Plaintiff Joel Adeyemi Omotosho:

On or about May 11, 2016, Plaintiff Joel Adeyemi Omotosho, received a "Notice of Federal Tax Due" letter from Defendant I.R.S. Agent SARAH DAVIDSON received a "Notice of Federal Tax Due" letter from Defendant I.R.S. Agent SARAH DAVIDSON then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on his property and garnisheed his paycheck to the point where he had to resign from his job because he could not afford to go back and forth from work. Defendant SARAH DAVIDSON continually interferes with this Plaintiff's privacy when she appeared at a scheduled 341 Bankruptcy hearing to interrogate this Plaintiff about matters that had absolutely nothing to do with his Bankruptcy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Joel Omotosho's constitutionally protected rights).

157.    Introductory Background Facts and Offer of Proof for Plaintiff Julio Ruiz:

On or about May 2016, Plaintiff Julio Ruiz received a "Notice of Federal Tax Due" letter from Defendant I.R.S. Agent SARAH DAVIDSON Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on his property and paycheck which caused him to lose his job, and Defendant SARAH DAVIDSON continually interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details

concerning the Defendant(s), and each of them, violations of Plaintiff Julio Ruiz's constitutionally protected rights).

158.     Introductory Background Facts and Offer of Proof for Plaintiff Elba M. Viera Lopez:

On or about April 11, 2016, Plaintiff, Elba M. Viera Lopez, received her first unsigned correspondence form Defendant IRS "Director" located at 1973 N. Rulon White Boulevard, Ogden, Utah 84201, which was a "Notice of Tax Due on Federal Tax Return" letter in the amount of $356,613.00. The Document Locator Number on said correspondence was 29251-098-13407-16. Said correspondence also specified an Assessment Date of 04/07/2016 and a Notice Date of 04/07/2016 for the Tax Period ending on 12/31/2014. Then, on or about April 15, 2016, Plaintiff Lopez faxed a FOIA request to I.R.S. Centralized Lien Operations and the Ogden Utah Tax Office specifically asking for clarification of the presumed "Notice of Tax Due on Federal Tax Return" letter she received a few days prior to sending these faxes. Defendant SARAH DAVIDSON seized this Plaintiff's money from her private bank accounts and garnisheed her paycheck without lawful authority. (*See* attached Declaration and Offer of Proof with Exhibits, including a copy of the FOIA request and copies of fax sending affirmations that the fax was received, for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Elba M. Viera Lopez's constitutionally protected rights).

On or about May 11, 2016, Plaintiff Lopez received a letter from Defendant IRS Agent SUMMER A. SUTHERLAND, requesting an extension of time to respond to

the FOIA requests that Plaintiff Lopez sent to them. (*See* also the Letter from I.R.S. Agent SUMMER A. SUTHERLAND included within the Exhibits).

159.     Introductory Background Facts and Offer of Proof for Plaintiff Carl McBean: On or about September 12, 2016, Plaintiff Carl McBean received a notice of a Tax Refund in the amount of $734,864.00 that the I.R.S. Verification Department confirmed to be refunded to Plaintiff Carl McBean from the 2014 1040 Tax Return. Plaintiff Carl McBean was told by an unknown I.R.S. Agent in the Verification Department that shortly thereafter the notice of a Tax Refund received by Plaintiff McBean on the above stipulated date, Plaintiff McBean would receive a check for the amount proposed to be refunded to Plaintiff McBean within thirty (30) days from the date of the notice on September 12, 2016. Instead of receiving said refund, Plaintiff McBean receive a frivolous filing letter with a $5000.00 penalty for frivolous filing. Plaintiff McBean has been consistently harassed and unexpectedly visited by the Defendant I.R.S. and C.I.D. Agents since the receipt of this notice and frivolous filing letter that has caused Plaintiff McBean serious stress and anxiety as well as compelling the payment of fines and levies that Plaintiff McBean is not liable for. Plaintiff McBean learned that he was not liable for the levies and penalties imposed upon him after filing a petition to the UNITED STATES TAX COURT that the I.R.S. did not file the requisite Notices before taking any position on the of Plaintiff McBean's tax liability and still imposed a tax liability and penalty on him anyway, in violation of the I.R.C. and his constitutional rights. (*See* attached Declaration and Offer of Proof with Exhibits, including a copy of the FOIA request and copies of fax sending affirmations that the fax was received, for the

comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Carl McBean's constitutionally protected rights).

160.    Introductory Background Facts and Offer of Proof for Plaintiff Paul K. Meyer: On or about 2006, Plaintiff Paul K. Meyer suffered an unlawful *ultra vires* Tax Lien that the Defendant I.R.S. absolutely had no jurisdiction to implement, and after much correspondences over the years which Defendant I.R.S. failed to follow their own Agency protocols by issuing the proper Notices, and failing to disclose their lawful authority to impose a unsubstantiated tax liability, Plaintiff Paul K. Meyer's property and privacy has been interfered and is still being violated to this day. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Paul K. Meyer's constitutionally protected rights).

161.    Introductory Background Facts and Offer of Proof for Plaintiff RoseMarie Lastimado-Dradi:

On or about May 2016, Plaintiff RoseMarie Lastimado-Dradi, received a letter from Defendant I.R.S. inquiring about whether Plaintiff RoseMarie Lastimado-Dradi was involved with preparing taxes. Plaintiff responded to Defendant I.R.S. by explaining that her company is an investment company and she does not prepare taxes. Despite giving the Defendant I.R.S. an informative response, Defendant I.R.S. continued sending Plaintiff Dradi intrusive inquiring correspondences harassing and interfering upon Plaintiff Rose Dradi's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of

them, violations of Plaintiff RoseMarie Lastimado-Dradi's constitutionally protected rights).

162.    Introductory Background Facts and Offer of Proof for Plaintiff  Elvah Bliss Miranda:

On or about May 2016, Plaintiff Elvah Bliss Miranda, received a correspondence from Defendant I.R.S. intrusively inquiring about her involvement with Plaintiff RoseMarie Lastimado-Dradi's investment group. Plaintiff Elvah Bliss Miranda mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Plaintiff Elvah Bliss Miranda harassing collection letters without Notice and continually interferes with Plaintiff Elvah Bliss Miranda's privacy. They also seized $50,000.00 from her bank account and implemented an unlawful *ultra vires* garnishment of Plaintiff Elvah Bliss Miranda husband Daniel B. Miranda's paycheck. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Elvah Bliss Miranda's constitutionally protected rights).

163.    Introductory Background Facts and Offer of Proof for Plaintiff  Daniel B. Miranda:

On or about May 2016, Daniel B. Miranda, received a correspondence from Defendant I.R.S. sent Plaintiff Daniel B. Miranda a Notice of Levy on his paycheck before the Defendant I.R.S. implement an unlawful *ultra vires* collection action, and subsequently Defendant ALCOHOL TOBACCO & FIREARM CID Agents Mark Macpherson and Kelly Maeda implemented a heavy handed raid of Plaintiff's home

confiscating Plaintiff's chattel property and deliberate interferes in the privacy of Plaintiff's home without proper due process. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Daniel B. Miranda's constitutionally protected rights).

164.    Introductory Background Facts and Offer of Proof for Plaintiff Marciaminajuanequita R.T. Dumlao:

On or about May 2016, Marciaminajuanequita R. T. Dumlao, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie Lastimado-Dradi's investment group. Plaintiff Marciaminajuanequita mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Plaintiff Marciaminajuanequita harassing collection letters without Notice and placed unlawful *ultra vires* liens on her property and continually interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Marciaminajuanequita R.T. Dumlao's constitutionally protected rights).

165.    Introductory Background Facts and Offer of Proof for Plaintiff Hannah K. Heart:

On or about May 2016, Hannah K. Heart, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie Lastimado-Dradi's investment group. Plaintiff Hannah K. Heart mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie

Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on her property and continually interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Hannah K. Heart's constitutionally protected rights).

166.    Introductory Background Facts and Offer of Proof for Plaintiff Rosalie O. Libanag:

On or about June2016, Rosalie O. Libanag, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie Lastimado-Dradi's investment group. Plaintiff Rosalie O. Libanag mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy to her bank and seized $10,000.00 from her bank account. They also placed an unlawful *ultra vires* lien on her property and still continually interferes with this Plaintiff's privacy. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Rosalie O. Libanag's constitutionally protected rights).

167.    Introductory Background Facts and Offer of Proof for Plaintiff Rodrigo B. Libanag:

On or about June 2016, Rodrigo B. Libanag, received a correspondence from Defendant I.R.S. inquiring about his involvement with Plaintiff RoseMarie

Lastimado-Dradi's investment group. Plaintiff Rodrigo B. Libanag mailed a letter to respond to Defendant I.R.S. stipulating that he does private investments with Plaintiff RoseMarie Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on his property and continually interferes with this Plaintiff's privacy. (*See* Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Rodrigo B. Libanag's constitutionally protected rights).

168.    Introductory Background Facts and Offer of Proof for Plaintiff  Brigida E. Chock:

On or about June 2016, Brigida E. Chock, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie Lastimado-Dradi's investment group. Plaintiff Bridida E. Chock mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on her property and continually interferes with this Plaintiff's privacy. (*See* Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Brigida E. Chock's constitutionally protected rights).

169.    Introductory Background Facts and Offer of Proof for Plaintiff Michael T. Chock:

On or about June 2016, Michael T. Chock, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie M. Lastimado-Dradi's investment group. Plaintiff Michael T. Chock mailed a letter to respond to Defendant I.R.S. stipulating that he does private investments with Plaintiff RoseMarie M. Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on her property and continually interferes with this Plaintiff's privacy. (*See* Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Michael T. Chock's constitutionally protected rights).

170.    Introductory Background Facts and Offer of Proof for Plaintiff Scott F. Hawver: On or about June 2016, Plaintiff Scott F. Hawver, received a correspondence from Defendant I.R.S. inquiring about his involvement with Plaintiff RoseMarie M. Lastimado Dradi's investment group. Plaintiff Scott F. Hawver mailed a letter to respond to Defendant I.R.S. stipulating that he does private investments with Plaintiff RoseMarie M. Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on his property and continually interferes with this Plaintiff's privacy. (*See* Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Scott F. Hawver's constitutionally protected rights).

171.    Introductory Background Facts and Offer of Proof for Plaintiff Beverly Braumuller-Hawver:

On or about June 2016, Beverly Braumuller-Hawver, received a correspondence from Defendant I.R.S. inquiring about her involvement with Plaintiff RoseMarie M. Lastimado-Dradi's investment group. Plaintiff Beverly Braumuller-Hawver mailed a letter to respond to Defendant I.R.S. stipulating that she does private investments with Plaintiff RoseMarie M. Lastimado-Dradi's investment company. Defendant I.R.S. then started sending Notices of Levy and then placed an unlawful *ultra vires* lien on her property and continually interferes with this Plaintiff's privacy. (*See* Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Beverly Braumuller Hawver's constitutionally protected rights).

172.    Introductory Background Facts and Offer of Proof for Plaintiff  Leoncio Bautista: On or about August 28, 2018, at 7:00a.m., Leonicio Bautista, who is a relative of Plaintiff Marciaminajuanequita R.T. Dumlao, suffered damages from the raid implemented by Defendant CID Agents Mark Macpherson and Kelly Maeda when they took his chattel property and chattel paper currency which he had secured in Plaintiff Marciaminajuanequita's home. The items taken were a computer and $1000.00 in cash. Plaintiff Bautista is damaged by the Defendant(s) who initiated this invasion of his privacy and took his property when he was not a subject to the Defendant(s) I.R.S./CID search action. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Leonicio Bautista's constitutionally protected rights).

173.    Introductory Background Facts and Offer of Proof for Plaintiff  Paul K. Meyer:

On or about the years 2000 to 2017, Plaintiff Paul K. Meyer, received unlawful threatening letters from Defendant I.R.S., and on February 19, 2010, Defendant I.R.S Agents R.A. Mitchell and Michael W. Cox sent a Notice of Federal Tax Lien to Plaintiff without lawful authority. In August 2006, Defendant I.R.S. confiscated $10,000.00 from this Plaintiff without Notice or lawful due process. Therefore, there exists a continuing violation of this Plaintiff's rights for over a period of 17 years. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Paul K. Meyer's constitutionally protected rights).

174.     Introductory Background Facts and Offer of Proof for Plaintiff Eurich Z. Griffin, III:

On or about the years 2005 through 2017, Plaintiff Eurich Z. Griffin, III, received an unauthorized Notice of Federal Tax Lien filed by Defendant(s) JAMES GREEWAY, KENNETH O. JUSTICE, and JOHN SHATRAW. Plaintiff has reason to believe these Defendant(s) not only filed fraudulent Notices and mailed fraudulent correspondences to Plaintiff, but are also in violation of their respective oaths of office to the fidelity of the official performance of their duties.  Plaintiff has verifiable reason to believe that these Defendant(s), and each of them, engaged in unlawfully implemented collection actions against Plaintiff Griffin, III under COLOR OF LAW. Of particular note, Defendant GREENWAY filed a "Notice of Federal Tax Lien" on the corporate fiction juristic person, EURICH Z. GRIFFING, III in Pinellas County Florida. The Notice of Federal Tax Lien filed by Defendant JUSTICE is in the amount of $75,194.39. The Notice filed by Defendant GREENWAY in Pinellas

County is in the amount of $195,370.24. There are several other Notices of Federal

Tax Liens filed against Plaintiff Griffin, III in Fulton County Georgia by Defendant

JUSTICE for tax years 2005-2008. (*See* attached Declaration and Offer of Proof with

Exhibits for the comprehensive details concerning the Defendant(s), and each of

them, violations of Plaintiff Eurich Z. Griffin's constitutionally protected rights).

175.    Introductory Background Facts and Offer of Proof for Plaintiff Barbara W.

Griffin:

On or about the years 2006 through 2017, Plaintiff Barbara W. Griffin, received and

I.R.S. Refund for tax year 2014 in the amount of $123,538.00. The Defendant I.R.S.

took about half of her Refund to apply to other unverified and un-assessed amounts

for tax years 2007, 2010-2012, and she received $61,801.27 when all was said and

done. Then, without lawful Notice, Defendant SHATRAW executed an unlawful levy

on Plaintiff Barbara W. Griffin's State of Florida Division of Retirement Pension, and

has been continually garnisheeing $300 a month from her since August of 2016. This

unlawful levy attachment was started by Defendant I.R.S. with an unlawful "Notice

of Levy", purportedly under the statutory provisions of I.R.C. § 6331. Plaintiff is sure

the Court is aware that a "Notice of Levy" is not the same thing as an actual Court

Ordered Levy. Given the fact that the Defendant(s) admitted that they had no

significant authorized documentation to confer jurisdiction on the TAX COURT for

statutory provisions of law under the I.R.C., then it stands to reason that the Notice of

Levy that Defendant SHATRAW used to implement a garnishment of Plaintiff's

retirement money is not only *ultra vires*, but fraud. Defendant SHATRAW filed a

pernicious *ultra vires* fraudulent Notice of Federal Tax Lien against Plaintiff Barbara

W. Griffin date September 7, 2014 in the amount of $32,626.40 for the tax years

2007-2008, 2010-2011, with the Pinellas County Florida Clerk of the Court that is

still in effect. (*See* attached Declaration and Offer of Proof with Exhibits for the

comprehensive details concerning the Defendant(s), and each of them, violations of

Plaintiff Barbara W. Griffin's constitutionally protected rights).

176.    Introductory Background Facts and Offer of Proof for Plaintiff  Rose Ann Flor:

On or about 2014, Plaintiff Rose Ann Flor, received a Tax Refund of %56,547.00.

Several months later, Defendant I.R.S. began to send Plaintiff Rose Ann Flor a series

of fraudulent Notices demanding that Plaintiff Flor pay back the Refund amount plus

interest and penalties. Defendant BART BRELLENTHIN was assigned to collect the

purported Tax Deficiency from Plaintiff Flor while she was attempting to enter into

an installment agreement with the I.R.S., but for some unknown reason, Plaintiff's

installment request was denied without explanation and Defendant BRELLENTHIN

suggested that the I.R.S. would go to the Federal District Court to Levy her property

(House) in order to collect on the alleged debt owed for tax year 2014. On or about

March 22, 2018, Defendant I.R.S. is currently suing Plaintiff Flor in the UNITED

STATES DISTRICT COURT of Minnesota (Case No. 18-699-JRT) for a judgment

granting them the right to confiscate Plaintiff's property.  This Levy action in the

federal District Court is predicated upon I.R.C. § 6331, which Plaintiff is sure the

Court is aware only applies to enforcement statutes under Title 27 of the United

States Code, with implementing regulations provided under Part 70-Alcohol, Tobacco

and Firearms. Plaintiff affirmatively avers that she does not have any minimum

contacts relationship with businesses or taxable entities governed under Title 27 or

Part 70 of the Code of Federal Regulations. Defendant LAQUITA TAYLOR-
PHILLIPS is the DOJ U.S. Attorney who is prosecuting the fraudulent case against
Plaintiff in the federal District Court in Minnesota. (*See* attached Declaration and
Offer of Proof with Exhibits for the comprehensive details concerning the
Defendant(s), and each of them, violations of Plaintiff Rose Ann Flor's
constitutionally protected rights).

177.    Introductory Background Facts and Offer of Proof for Plaintiff  McKinley Lewis:
On or about 2009, Plaintiff McKinley Lewis, and his wife, kept receiving very
disturbing letters from the Defendant I.R.S. stating that they owe taxes for over
several years. The Defendant I.R.S. placed a Levy on Plaintiff McKinley's wages in
2013. Plaintiff McKinley had to pay a Tax Consultant to the Defendant I.R.S. to
remove this unlawful Levy from his wages. Plaintiff McKinley and his wife believes
that the Defendant I.R.S. performed unlawful tax collecting practices on them.
Plaintiffs have suffered financially, emotionally and mentally from the Defendant
I.R.S.'s pernicious *ultra vires* actions, and are still experiencing the Defendant I.R.S.
overbearing unlawful actions to this day. (*See* attached Declaration and Offer of Proof
with Exhibits for the comprehensive details concerning the Defendant(s), and each of
them, violations of Plaintiff McKinley Lewis's constitutionally protected rights).

178.    Introductory Background Facts and Offer of Proof for Plaintiff Sheryl Tinoco:
On or about 2014, Plaintiff Sheryl Tinoco received a Refund Check that she returned
to the Defendant I.R.S., then shortly thereafter, Defendant C.D. BAILEY started
sending Plaintiff Tinoco various Notices to Levy which Plaintiff thought was
unlawful and inappropriate given the fact that she did not keep the money. Then, on

or about April 12, 2016 Plaintiff received another Refund check which she deposited into her bank account. One day shortly thereafter, when she went to work, Defendant C.D. BAILEY was sitting behind the front desk of her job, and in front of all her co-workers started demanding that she pay him $147,438.15 or give him the Refund check I just received. Plaintiff was so embarrassed and humiliated she did not want to go back to work. Two months later the amount of money Plaintiff received from her Refund check was seized from her bank account without Notice or due process. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Rose Ann Flor's constitutionally protected rights).

179.    Introductory Background Facts and Offer of Proof for Plaintiff Jeanette Delgado: On or about 2016, Plaintiff Jeanette Delgado began receiving threatening Notices from Defendant(s), and each of them, without lawful authority or jurisdiction, as per the UNITED STATES TAX COURT Order, Plaintiff Jeannette Delgado has received as a result of her petition to said TAX COURT, and in spite of the fact that the Defendant(s), and each of them, have no jurisdictional right to impose any collection action claim against this Plaintiff, they insist on violating her constitutionally protected rights.   (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Jeannette Delgado's constitutionally protected rights).

180.    Introductory Background Facts and Offer of Proof for Plaintiff Radames Rodriguez:  On or about 2016, Plaintiff  Radames Rodriguez began receiving threatening Notices from Defendant(s), and each of them, without lawful authority or

jurisdiction, as per the UNITED STATES TAX COURT Order, Plaintiff Radames Rodriguez has received as a result of his petition to said TAX COURT, and in spite of the fact that the Defendant(s), and each of them, have no jurisdictional right to impose any collection action claim against this Plaintiff, they insist on violating his constitutionally protected rights.  (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Radames Rodrigues's constitutionally protected rights).

181.   Introductory Background Facts and Offer of Proof for Plaintiff Annette Torruellas:

On or about 2016, Plaintiff Annette Torruellas, On or about 2016, Plaintiff Jeanette Delgado began receiving threatening Notices from Defendant(s), and each of them, without lawful authority or jurisdiction, as per the UNITED STATES TAX COURT Order, Plaintiff Annette Torruellas has received as a result of her petition to said TAX COURT, and in spite of the fact that the Defendant(s), and each of them, have no jurisdictional right to impose any collection action claim against this Plaintiff, they insist on violating her constitutionally protected rights. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Annette Torruellas' constitutionally protected rights).

182.   Introductory Background Facts and Offer of Proof for Plaintiff Aaron Aqueron:

On or about April 25, 2016, Plaintiff Aaron Aqueron received an unsigned document dated February 29, 2016 from the Ogden Utah "Director" of the I.R.S. alleging that he owed $594,601.85. The said unsigned document stated there was a 20% accuracy

related penalty being imposed under I.R.C. § 6662, which does not imply that the refund Plaintiff Aqueron filed was done under fraud. At the bottom of the unsigned document Plaintiff Aqueron received from the "Director" of the Ogden Utah I.R.S. office also stipulated that the "IMF Penalty Reference Number for this document was "680" for the Penalty Year 2013, and the "Balance Due" was "0.00". Based upon independent research, Plaintiff Aqueron discovered that in the Internal Revenue Manual under Section 20.1.5.6.1 dated January 1, 2012, and Section 20.1.5.6.2, dated July 1, 2008, as well as I.R.C. § 6664(c)(1), there are "No accuracy related penalty[s] under I.R.C. § 6662 is imposed if it is shown that the taxpayer had reasonable cause for the position taken and that the taxpayer acted in good faith and the taxpayer made an effort to determine the proper tax liability." Plaintiff Aqueron sent several requests to the Defendant Agents of the I.R.S. as well as duly filing a FOIA request and TIGTA Complaint that neither of which were answered, and in spite of the several attempts Plaintiff Aqueron made to the Defendant(s), and each of them, to resolve their unlawful impositions of a tax liability, Defendant CYNTHIA SPRY still went forward with imposing unlawful collection actions against Plaintiff Aqueron in the form of "Federal Tax Lien" filed in the Lake County Florida Town Records, a I.R.S. CP49 Notice stating that Plaintiff Aqueron purportedly owed $623,933.40, which included a $5000.00 penalty and said Defendant also levied Plaintiff's J.P. Morgan and Wells Fargo bank accounts. As a direct and proximate result of the unlawful collection actions perpetrated against me by the Defendant(s) named and unnamed herein, I have suffered severe financial hardship and emotional and mental distress that has caused me problems with my relationships with family and fiancé. (*See*

attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Aaron Aqueron's constitutionally protected rights).

183.    Introductory Background Facts and Offer of Proof for Plaintiff Benedicta Sison: On or about the end of 2016, Plaintiff Benedicta Sison was unlawfully garnisheed by Defendant I.R.S Agent NEIL CASEY who went to her place of employment and demanded that her employer, Plaintiff Juanito Estrada, submit her compensation for labor directly to Defendant CASEY. Plaintiff Juanito Estrada initially refused to submit Plaintiff Sison's compensation for labor to Defendant SPRY and Defendant CASEY threatened Plaintiff Estada with adverse repercussions from the Defendant I.R.S. After the threats leveled against Plaintiff Estrada from Defendant CASEY, Plaintiff Estrada complied with the demands to submit Plaintiff Sison's compensation for her labor directly to Defendant CASEY. Before Defendant SPRY garnisheed Plaintiff Sison's labor compensation, she placed a unlawful Notice of Federal Tax Lien on Plaintiff Sison in the County Records for Orange County Florida State Republic. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Benedicta Sison's constitutionally protected rights).

184.    Introductory Background Facts and Offer of Proof for Plaintiff Betty Ananyo: On or about 2016, Plaintiff Betty Ananyo's name was unlawfully attached with a Notice of Federal Tax Lien in the County of Brevard, Florida State Republic by Defendant DEBORAH JAMES. Subsequent thereafter, Defendant JAMES implement an unlawful garnishment Plaintiff Ananyo's pension causing undue financial hardship

and emotional and mental distress. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Betty Ananyo's constitutionally protected rights).

185.    Introductory Background Facts and Offer of Proof for Plaintiff Rafael Ramos: On or about August 2016, Plaintiff Rafael Ramos received an unlawful Notice of Intent to Levy from Defendant JAMES BECK. Plaintiff Ramos made several attempts to learn the reasons why Defendant BECK had issued the said unlawful notice and Defendant BECK refused or neglected to answer in violation of the Taxpayer Bill of Rights. Then shortly thereafter, Defendant BECK implemented an unlawful garnishment of Plaintiff Ramos' compensation for his labor without lawful due process thereby causing undue financial hardship and emotional and mental distress. Plaintiff Ramos' Social Security stipend has also been impacted leaving his with no financial support whatsoever. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Rafael Ramos' constitutionally protected rights).

186.    Introductory Background Facts and Offer of Proof for Plaintiff Ada De La Cruz: On or about August 2016, Plaintiff Ada De La Cruz received an unlawful Notice of Intent to Levy from Defendant JAMES BECK. Plaintiff De La Cruz is the wife of Plaintiff Rafael Ramos and lives under and with his means of support. Plaintiff De La Cruz is presently undergoing treatment for Breast Cancer. Plaintiff De La Cruz also made several attempts to learn the reasons why Defendant BECK had issued the said unlawful notice and Defendant BECK refused or neglected to answer in violation of the Taxpayer Bill of Rights. Then, on October 20, 2016 Defendant BECK

implemented an unlawful garnishment of Plaintiff De La Cruz's compensation for her labor without lawful due process thereby causing undue financial hardship and emotional and mental distress. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Rafael Ramos' constitutionally protected rights).

187.    Introductory Background Facts and Offer of Proof for Plaintiff Hector Mendez: On or about 2016, Plaintiff Hector Mendez's name was unlawfully attached with a Notice of Federal Tax Lien in the County of Hernando, Florida State Republic by Defendant JOHN SHATRAW. Subsequent thereafter, Defendant SHATRAW implement an unlawful garnishment Plaintiff Hector Mendez's entire paycheck from his compensation for his labor causing undue financial hardship and emotional and mental distress. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Hector Mendez's constitutionally protected rights).

188.    Introductory Background Facts and Offer of Proof for Plaintiff Miriam Mendez: On or about 2016, Plaintiff Miriam Mendez's name was unlawfully attached with a Notice of Federal Tax Lien in the County of Hernando, Florida State Republic by Defendant JOHN SHATRAW. Subsequent thereafter, Defendant SHATRAW implemented an unlawful collection action against Plaintiff Miriam Mendez's property interests causing undue financial hardship and emotional and mental distress. (*See* attached Declaration and Offer of Proof with Exhibits for the comprehensive details concerning the Defendant(s), and each of them, violations of Plaintiff Miriam Mendez's constitutionally protected rights).

189.    Introductory Background Facts and Offer of Proof for Plaintiff Jose Valez:

On or about 2016, Plaintiff Jose Valez's name was unlawfully attached with a Notice

of Federal Tax Lien in the County of Orange, Florida State Republic by Defendant

JAMES BECK. Subsequent thereafter, Defendant BECK implemented an unlawful

collection action against Plaintiff Miriam Mendez's property interests causing undue

financial hardship and emotional and mental distress. (*See* attached Declaration and

Offer of Proof with Exhibits for the comprehensive details concerning the

Defendant(s), and each of them, violations of Plaintiff Jose Valez's constitutionally

protected rights).

190.    Introductory Background Facts and Offer of Proof for Plaintiff Magdelena

Nieves:

On or about 2016, Plaintiff Magdelena Nieves' name was unlawfully attached with a

Notice of Federal Tax Lien in the County of Orange, Florida State Republic by

Defendant JAMES BECK, subsequently thereafter, Defendant BECK implemented

an unlawful collection action against Plaintiff Miriam Mendez's property interests

causing undue financial hardship and emotional and mental distress. (*See* attached

Declaration and Offer of Proof with Exhibits for the comprehensive details

concerning the Defendant(s), and each of them, violations of Plaintiff Magdelena

Nieves' constitutionally protected rights).

191.    Introductory Background Facts and Offer of Proof for Plaintiff Juanito Estrada:

On or about 2016, Plaintiff Juanito Estrada, the employer of Plaintiff Benedicta

Sison, was unlawfully coerced to comply with an unlawful collection action

implemented Defendant NEIL CASEY that was so egregious threatened upon

Plaintiff Estrada that is has severely adversely affected Plaintiff Estrada's health to

the point where he has had to undergo treatment for his heart. (*See* attached

Declaration and Offer of Proof with Exhibits for the comprehensive details

concerning the Defendant(s), and each of them, violations of Plaintiff Magdelena

Nieves' constitutionally protected rights).

## CAUSES OF ACTION

All facts alleged in ¶¶ 1 through 191 shall be deemed to be incorporated into each of the

following paragraphs. Plaintiffs affirmatively aver that the foregoing facts and law are true and

correct to the best of their knowledge and belief, and therefore allege that they have been

wronged by the Agency Relationship of the Defendant UNITED STATES and its Agents,

Attorneys and employees through their pernicious *ultra vires* acts that violate Plaintiffs rights to

privacy, property, money, due process of law and peace of mind. Said Defendant(s), and each of

them, have perpetrated their pernicious *ultra vires* acts to violate Plaintiffs rights arbitrarily and

capriciously in excess of their statutory authority and scope, not in accordance with the law, and

without observance of procedures required by law; and thus, in accordance with FRCP Rule 8(a),

Plaintiffs hereby make the following short and plain statements elaborating the counts of which

they are entitled for relief from the violations of their rights:

## COUNT I

### DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
### PURSUANT TO 42 U.S.C. § 1983
### INTENTIONAL INTERFERENCE WITH THE PERSON &
### INVASION OF PRIVACY

192. Plaintiff's reincorporates all facts and law delineated in ¶¶ 1 through 191 as though

fully stated here to make claim that the Defendant(s), and each of them, are liable for

the egregious imposition of a heavy handed collection action that, for all intents and purposes, was unauthorized by law and statute, recklessly, unlawfully and intentionally intruded into the privacy and private life and affairs of all the Plaintiffs in their businesses, jobs, bank accounts, credit reporting agencies, neighbors, family and friends that has placed Plaintiffs in a false light.

193. Liability for a claim of invasion of privacy by intrusion must be based upon an intentional interference with the Plaintiff's interest in solitude or seclusion, either as to their person or as to their private concerns, and Defendant(s), and each of them, have intentionally violated Plaintiffs right to privacy as prescribed by the four courses of conduct rule that defines what constitutes a privacy right violation. The tort has been found to apply in the case of unauthorized prying into a person's bank account. (*See* <u>Zimmerman v. Wilson</u>, 81 F. 2d 847 [3d Cir. 1936]).

194. However, invasion of privacy by intrusion does not depend upon any publicity given to the person whose interest is invaded or to interfering with their affairs. To be actionable, the prying intrusion into the Plaintiffs private affairs must be of a type which is offensive to a reasonable person. Thus, wiretapping and the use of electronic devices unlawfully recorded or done without lawful authorization would be generally be actionable as a tort regardless of the purpose.

195. The Restatement of Torts Doctrine clearly provides that the acts constituting the invasion of privacy must be highly offensive to a reasonable person. To establish a cause of action for invasion of privacy on the ground of public disclosure of private facts, the Courts consider three (3) elements: a) the disclosure of private facts must be a public disclosure; b) the facts disclosed must be private facts, and not public

ones; c) the matter made public must be one which would be offensive and objectionable to a reasonable person.

196. False light invasion of privacy is one of four types of invasions of privacy and the elements of the false light invasion of privacy are: a) publication of some kind must be made to a third party; b) the publication must falsely represent the person; and c) that representation must be highly offensive to a reasonable person.

197. Plaintiffs have experienced all of the above as evidenced by the facts stated in their respective Declarations and Offers of Proof together with their supporting Exhibits. To briefly elaborate on some of the particulars of each Plaintiffs experiences with Defendant(s) intentional interference of their privacy, Defendant(s) who are I.R.S. Agents have gone to Plaintiffs jobs and banking institutions and expressly told their employers, co-workers and bank managers and employees that Plaintiffs perpetrated fraud against the government, and even went to their homes telling their neighbors that Plaintiffs were perpetrating fraud against the IRS. One I.R.S. Agent in particular, Defendant SARAH DAVIDSON, went to one Plaintiffs rental property and placed personal information on his tenants doors with his Social Security Number, and other inflammatory accusations that caused one of his tenants to move out. She also went to the banks and jobs of several Plaintiffs and publicly declared outright to the management, employees and co-workers of Plaintiffs that Plaintiffs perpetrated fraud against the government and thoroughly discredited, shamed and defamed Plaintiffs without any proof or delegated lawful authority to go to Plaintiff's bank, job, neighbors and friends making any unsubstantiated accusations.

198.     Defendant SARAH DAVIDSON also showed up at Bankruptcy Court 341 Hearings making accusatory claims against several Plaintiffs with the United States Trustees that had absolutely nothing to do with Plaintiffs Bankruptcy case.

199.     Plaintiff respectfully brings to the Court's attention what protections that are afforded to a Plaintiff's interest in their right to privacy. Such protections must be: a) relative to the customs of the time and place; b) to the occupation of the Plaintiff; and c) to the habits of their neighbors and fellow citizens. Defendant(s), and each of them, knew or should have reasonably known that their acts of conspiracy and collusion to omit, avoid or falsify the disclosure of documents and information required by law to be submitted were in violation of Plaintiff's rights. Therefore Defendant(s), and each of them, are liable for Plaintiff's irreparable damages as well.

200.     Some Courts define the tort of invasion of privacy as the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Whether there is an offensive invasion of privacy is to some extent a question of law. However, some jurisdictions are of the view that the question of privacy is one of fact. (*See* Strickler v. National Broadcasting Co., 167 F. Supp. 68, 71 [D. Cal. 1958]).

201. For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs  respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and

Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

202. **WHEREFORE**, as to the First Count of Plaintiffs causes of action, Plaintiff(s) seek declaratory judgment and an equitable remedy and relief from the Defendant(s), and each of their Common Law tortuous violations of Intentional Interference of the Person through the Invasion of the sanctity of Plaintiff's privacy and property in the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

## COUNT II

### INTENTIONAL INTERFERENCE WITH PROPERTY, TRESSPASS TO LAND, TRESPASS TO CHATTELS AND CHATTEL PAPER INSTRUMENTS

203.     Plaintiffs reincorporates all facts and law delineated in ¶¶ 1 through 204 as though fully stated here to make claim that the Defendant(s), and each of them, are liable for the egregious imposition of a heavy handed collection action that, for all intents and purposes, was unauthorized by law and statute, recklessly, unlawfully and intentionally interfered with the property rights of the Plaintiffs through their unlawful egregious ultra vires acts to trespass upon Plaintiffs land, seizing material property and currency that was not part of an enforceable tax liability.

204.    The tortious offense of Intentional Interference with Property is divided amongst
three (3) specific charges in the United States Tort Law. All three charges involve the
element of intent, which provides that the Defendant is of sound mind and acts of his
or her own free will and desire. As the charges of Intentional Interference with
Property are tort and not criminal charges, the necessity of wrongful intent is not
present. However, the historical requirement that an invasion must constitute an
interference with possession in order to be actionable as trespass has persisted. (*See*
Zimmerman v. Shreeve, (1882) 59 Md. 357, 362).

205.    The property tort of Trespass to Land consists of any unauthorized entry onto
private property. The intent required as a basis for liability as a trespasser is simply
an intent to be at the place on the land where the trespass allegedly occurred.
Trespass to Chattels and one's personal property can be construed as conversion.

*206.*    To briefly elaborate on some of the particulars of each Plaintiff's experiences with
Defendant(s) concerning intentional interference of their property, Plaintiffs Elvah
Bliss Miranda, Daniel B. Miranda, and Marciaminajuanequita R. Tuvera Dumlao's
homes were raided and guns were put in the faces of Plaintiffs and Plaintiffs were
violently detained in their own home by Defendant CID Agents MARK
MACPHERSON and KELLY MAEDA on June 13, 2018 at 7:00 a.m., and August
28, 2018 at 7:00 a.m., respectively, both of which raids were implemented through
the perpetration of fraud upon the Court in securing a Search Warrant.

*207.*    In that raid, said Defendant CID Agents MARK MACPHERSON and KELLY
MAEDA, among other unknown Defendant CID and I.R.S. Agents, perpetrated an
*ultra vires* invasion of privacy and property by fraudulently procuring a Warrant

from the federal District Court that severely damaged these Plaintiffs by taking five

(5) computers and five (5) or more electronic devices that did not belong to the

Plaintiffs. The people who owned the confiscated items were family members and

friends who were not subject to any tax collection activity, nor were these people

named to the warrant that the Defendant CID Agents fraudulently procured from the

UNITED STATES DISTRICT COURT for the State of Hawaii.

208.    The Necessity of Damage Doctrine under the common law action of trespass could be

maintained without proof of any actual damage. From every direct entry upon the soil of

another, "the law infers some damage; if nothing more than the treading down some grass

or herbage." (*See* <u>Dougherty v. Stepp</u>, 18, N.C. 371 [1835]).

209.    The ordinary trespass is complete and actionable when it is committed; the cause of

action accrues, and the statute of limitations begins to run at that time, although the

consequence may be a permanent injury for all damages past, present and prospective.

210.    The earliest cases in which the action of trespass was applied to chattels involved

asportation, or "carrying off".  Plaintiffs affirmatively aver that all the Defendant(s) are

liable for their unlawful Intentional Interference with Plaintiffs property, land and chattels

because they have issued levies and liens upon such property, but of most particular

egregious ultra vires violations of Intentional Interference of Property is what Defendant

CID Agents did to fraudulently obtain a warrant and raid the houses of Plaintiffs Elvah

Bliss Miranda Brigida, Michael Chock, and Marciaminajuanequita R. Tuvera Dumlao,

and took chattel property computers, cell phones and personal documents that not only

were not specified as items to be removed on the Warrants, but also took the items

identified herein that did not belong to the parties named in the Warrants.

211.    Plaintiffs affirmatively aver that they are entitled to the remedy sought herein for the damages suffered at the hands of the Defendant(s), and each of them, because "it is…well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." (*See* Bell v. Hood, 327 U.S. 684).

212.    For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of the Defendant(s) egregious *ultra vires* acts.

213.**WHEREFORE**, as to the Second Count of Plaintiffs causes of action, Plaintiff(s) seek declaratory judgment and an equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through the Defendant(s), and each of their tortuous violations of Plaintiff's Common Law rights to privacy and to be secure in their real property, chattel property, and chattel paper instruments for the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

### COUNT III

**VIOLATIONS OF PROCEDURAL AND FUNDAMENTAL DUE PROCESS OF LAW
PURSUANT TO 5 U.S.C. § 552(a), THE 4TH, 5TH AND 14TH AMENDMENTS
TO THE ORGANIC CONSTITUTION OF THE UNITED STATES OF AMERICA AND
THE CONSTITUTIONS FOR THE INDIVIDUAL REPUBLIC STATES
<u>WHERE EACH PLAINTIFF IS LOCATED</u>**

214.   Plaintiffs reincorporates all facts and law delineated in ¶¶ 1 through 213 as

though fully stated here to make claim that the Defendant(s), and each of them, are

liable for the egregious violations of Plaintiffs right to procedural and fundamental

due process of law as prescribed and protected by the clearly established laws of the

Organic United States of America and the Republican States of the union where

Plaintiffs are located.

215.   Plaintiffs have clearly elucidated the law regarding the facts establishing the ultra

vires acts perpetrated by the Defendant(s), and each of them, to violate rights which a

reasonable person would know is wrong.

216.   Defendant(s), and each of them, have violated the procedural due process

protocols of the I.R.C., 5 U.S.C. § 552(a), the I.R.S. Manual, the I.R.S. Taxpayer Bill

of Rights, and the fundamental due process provisions of law under the Organic

Constitution of the United States of America and the individual Republican States

Constitutions that they are by law required to have knowledge of and uphold by

virtue of their Oath of Office, and lawful delegations of authority.

217.   Plaintiffs affirmatively avers that pursuant to precedent case law which supports

Plaintiffs contention that all of the federal officials sued in this case are ***not***

absolutely immune from any liability for damages even if in the course of enforcing

the relevant statutes they used to infringe upon Plaintiff's constitutional rights were

done inadvertently or negligibly,  and even if the violation was knowing and

deliberate, they are accountable when they stray beyond the plain limits of their statutory authority. (*See* Barr v. Matteo, 360 U.S. 564; and Spalding v. Vilas, 161 U.S. 483).

218.    Plaintiff affirmatively avers that the I.R.S. Attorney's Motions to Dismiss Plaintiff's Petition to the TAX COURT expressly stipulated that "in the ordinary course of business when respondent (I.R.S.) issues and mails a notice of deficiency to a specific taxpayer, there is no record, information or other evidence indicating that a notice of deficiency authorized by I.R.C. § 6212 was mailed to petitioner with respect to taxable years 2007 through 2017." This is an excerpt of the I.R.S. Attorneys Motion to Dismiss Plaintiff's TAX COURT Petition that evidences the fact that admittedly, the Defendant(s), who are I.R.S. Agents, did not follow Agency procedural protocols to ensure the fact that not only did they have jurisdiction, but they also violated Plaintiffs rights to procedural due process under Title 26 of the INTERNAL REVENUE CODE, and then through implementing a heavy handed collection action without following their Agency protocols , they violated Plaintiffs rights to fundamental due process of law as provided for under the 4th, 5th and 14th Amendments.

219. For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs  respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and

Exhibits attached hereto as part and parcel of the details of each Count of the Causes of

Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of

each Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each

of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are

entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires*

acts.

220. **WHEREFORE,** as to the Third Count of Plaintiffs causes of action, Plaintiffs seek an

equitable remedy and relief from the Common Law tortuous violations of Intentional

Interference of the Person through the Defendant(s) violations of fundamental procedural

due process of law pursuant to 5 U.S.C. § 552(a), and the 4TH, 5TH and 14TH Amendments

to the Organic Constitution for the Republic of these United States of America, and the

Constitutions for the individual Republic states where each Plaintiff is located and

receives mail. The equitable remedy and relief Plaintiffs seek for said Third Count of

Plaintiff's causes of action will be demanded in the monetary damages amount specified

in the Prayer for Relief portion of this Complaint.

## COUNT IV

**REFUSAL OR NEGLECT TO PREVENT THE DEPRIVATION OF PLAINTIFF'S
CONSTITUTIONALLY PROTECTED RIGHTS
VIOLATIONS OF CIVIL RIGHTS
PURSUANT TO 28 U.S.C. § 1343(a), BIVENS V. SIX UNKNOWN FEDERAL
NARCOTICS AGENTS, 403 U.S. 388
AND THE 4TH & 5TH AMENDMENTS**

221.     Plaintiffs reincorporates all facts and law delineated in ¶¶ 1 through 220 as

though fully stated here to make claim that the Defendant(s), and each of them, are

liable for the egregious violations of Plaintiffs Civil Rights under color of law where

28 U.S.C. § 1343(a) and *Bivens* established protections of law "to enforce provisions

of the 14th Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." (*See* Scheuer v. Rhodes, 416 U.S. 232, 243 [1974]; quoting Monroe v. Pape, 365 U.S. 171, 172).

222.     In Bell v. Hood, *supra*, the Court ruled that violations of rights by a federal Agent acting under color of law gives rise to a cause of action for damages consequent upon his unconstitutional conduct.  The question whether an unreasonable search and seizure made by a federal Officer in violation of the 14th Amendment gives the subject of the search and seizure a federal cause of action for damages against the Officers making the search and seizure is settled in *Bell v. Hood, supra*.

223.     "The contention that the federal Courts are powerless to accord a litigant damages for a claimed invasion of his federal constitutional rights until Congress explicitly authorizes the remedy cannot rest on the notion that the decision to grant compensatory relief involves a resolutions of policy considerations no susceptible of judicial discernment. Thus, in suits for damages based on violations of federal statutes lacking any express authorization of a damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statute." (*See* J.I. Case Co. v. Borak, 377 U.S. 426 [1964]; Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 213 [1944]; Cf Wyandotte Transportation Co. v. United States, 389 U.S. 191, 201-204 [1967]).

224.   "Federal Officials should enjoy no greater zone of protection from suits brought directly under the Constitution when they violate federal constitutional rules than do State Officers." (*See* Scheuer v. Rhodes, 416 U.S. 232).

225.   Defendant(s), and each of them, implemented a heavy handed collection action against the Plaintiffs by seizing private property chattels and chattel paper instrument bank accounts, garnishing paychecks, placing liens on land and homes, implementing a violent search invading the privacy of Plaintiffs without just probable cause, among other egregious *ultra vires* actions that have seriously damaged Plaintiffs which will be more thoroughly elucidated upon within the individual Plaintiffs Declarations in Support of this Civil R.I.C.O. Complaint attached hereto with Offers of Proof and corresponding Exhibits.

226.   Plaintiffs are seeking remedy for violations of constitutional rights by Defendant, and each of them, as in *Bivens*. In *Bivens*, the victim of an arrest and search claimed to be violative of the 4th Amendment seeking damages for the suit against the responsible federal Agents. Repeating the declaration in Marbury v. Madison, 1 Cranch 137, 163 (1803), that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws." (403 U.S., at 397), and stating that "historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty…We rejected the claim that the Plaintiff's remedy lay only in the State Court under State law, with the 4th Amendment operating merely to nullify a defense of federal authorization. We held that a violation of the 4th Amendment by federal Agents gives rise to a cause of action for damages consequent upon the unconstitutional conduct." [438 U.S. 478].

227.    Defendant(s), and each of them, knew or should have reasonably known they were duty bound by law to prevent the violations of Plaintiff's Rights.

228.    At all times relevant to this Complaint Defendant(s), and each of them, refused or neglected to prevent the violation of Plaintiff's constitutionally protected Rights pursuant to Title 42 U.S.C. § 1983.

229.    Defendant(s) Attorneys are Officers of the Court, and they have sworn an Oath as a duty to uphold the laws to be enforced within the Court and an obligation the Public to ensure the pursuit of a just and equal application of the law.

230.    When the Defendant(s) Attorneys, who are Officers of the Court, neglects or refuses to prevent violations of constitutionally protected Rights, privileges and immunities for which they know, or should reasonably have known, is being violated, then he/she is accountable for his/her negligence and refusal to prevent such acts as a matter of law.

231.    The Defendant(s) Attorneys are bound by Oath as an officer of the Court, to prevent the injury or violation of Plaintiffs' constitutionally protected Rights in the interest justice. Our system of jurisprudence rests on the assumption that all individuals, whatever their position in government, are subject to federal law. "No man in this country is so high that he is above the law. No Officer of the law may set that law at defiance with impunity. All the Officers of government, from the highest to the lowest, are creatures of the law, and are bound to obey it." (*See* United States v. Lee, 106 U.S., at 220).

232.    Plaintiffs are also seeking remedy for deprivation of Civil Rights and Elective Franchise under 28 U.S.C. § 1343(a) which provides that Plaintiffs can recover

damages for injury to his/her person or property, or because of the deprivation of any

Right or privilege of a Citizen of the UNITED STATES, by any act done in

furtherance of any conspiracy mentioned in 42 U.S.C. § 1985.

233.    Plaintiffs affirmatively aver that the Defendant(s), and each of them, conspired to

act in concert to violate Plaintiffs of constitutionally protected rights under color of

law.  § 1343(a)(2) allows Plaintiffs to recover damages from any person who fails to

prevent or, to aid in preventing any wrongs mentioned in 42 U.S.C. § 1985, which

he/she had knowledge were about to occur and had power to prevent.

234.    Plaintiffs have reason to believe that Defendant(s), and each of them, had power

to prevent the wrongs perpetrated against them by Defendant(s), at any time, and

intentionally or negligently refused to do so.

235.    Plaintiffs also affirmatively aver that in accordance with 28 U.S.C. § 1343(a)(4),

the right to recover damages or to secure equitable or other relief under any Act of

Congress providing for the protection of Civil Rights, including the Right to vote.

236.    For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will

not elaborate the details of all the pernicious *ultra vires* intrusions of each individual

Plaintiff's rights here, because the Plaintiffs have incorporated their own individual

Declarations concerning the details of the events which clearly elucidate the violations of

their rights by the Defendant(s), and each of them, and Plaintiffs  respectfully expects that

this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and

Exhibits attached hereto as part and parcel of the details of each Count of the Causes of

Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of

Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of

them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

237. **WHEREFORE,** as to the Fourth Count of Plaintiff's causes of action, Plaintiffs seek equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through Defendant(s), and each of their violations of Plaintiff's Civil Rights, pursuant to 28 U.S.C. § 1343(a), 18 U.S.C. §§ 241 & 242, BIVENS V. SIX UNKNOWN FEDERAL NARCOTICS AGENTS, 403 U.S. 388 and the 4TH & 5TH Amendments of the Organic Constitution for these United States of America to be equitably remedied by Plaintiff's demands in the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

**COUNT V**

**ABUSE OF PROCESS**

238.    Plaintiffs hereby reincorporates all facts and law delineated in ¶¶ 1 through 237 as though fully stated here to make claim that the Defendant(s), and each of them, to make lawful claim for damages from Defendant(s) misuses of legal procedure that is actionable as a common law tort recognized as quasi-criminal in its character when it involves intentional interference with the person as in the case of proceedings that are in Contempt of the findings of the UNITED STATES TAX COURT.

239.    Plaintiffs aver that the extensions of a remedy for a cause of action stemming from the Abuse of Process and violations of substantive and procedural due process of law are actionable and remedial under law even where such abusive proceedings have interfered with property or businesses when such damages occur from an

adverse lawsuit, a garnishment, a levy or lien attachment, replevin, the search of premises under a warrant, injunctions, bankruptcy compulsion, or for the dissolution of a partnership. Even the misuse and abuse of proceedings in an Administrative Agency have been held to be sufficient grounds for a cause of action where the result is similar of interference with the person. (Sebring v. Van Auken, 235 App. Div. 420; 257 N.Y.S. 104; and Kaufman v. A.H. Robbins Co., 448 S.W. 2d 400).

240.    Plaintiffs affirmatively aver that the Defendant(s), and each of them, have co-conspired to deny Plaintiff's their constitutionally protected right to due process of law through the Abuse of the Process in implementing an unlawful *ultra vires* collection action by perpetrating garnishments, liens and levies, searches of Plaintiffs property under a warrant, compelled bankruptcies from their opprobrious abuse of process actions among other egregious oppressive acts as detailed within the Plaintiff's Declarations, Offer of Proof and corresponding Exhibits attached hereto.

241.    **Plaintiff respectfully expects the eminent knowledge of the Court is fully aware that the gist of the common law tort of Abuse of Process is not in commencing an action or causing a process to be enacted without justification, but the misuse or misapplication of the process in itself justifies the fact that once the process has been misused, it is unnecessary for the Plaintiffs to prove that the process was obtained without probable cause or that the course of the proceeding was begun without probable cause. In other words, it is irrelevant what the Defendant(s) probable cause was to initiate their pernicious *ultra vires* acts against Plaintiff's constitutionally protected rights when they did not follow the law and the requisite substantive and procedural process to implement their**

**heavy handed unlawful collection action for whatever perceived purported probable cause they held.**

242. Plaintiffs aver that it is well settled that malice, spite or ill will is not necessary to establish an Abuse of Process allegation. The improper purpose and use of the process itself is sufficient to retract the abusive result out of which the abuse of the process creates. (Glidewell v. Murray-Lacy & Co. 124 Va. 563, 98 S.E. 665; Rosemont Enterprises, Inc. v. Random House, Inc., 261 F. Supp. 691 [S.D.N.Y. 1966]).

243. **Thus, if the Defendant(s), and each of them, instigated a collection action against the Plaintiffs without first establishing reasonable grounds to believe Plaintiffs are liable for their actions, it is a malicious prosecution for denial of due process, and if the Defendant(s), and each of them instigate their unsubstantiated grounds to extort payment of a debt, then it is an Abuse of Process. (Moore v. Michigan National Bank, 368 Mich. 71, 117 N.W. 2d 105).**

244. The essential elements of Abuse of Process have been stated to be: a) an ulterior purpose, b) a willful act in the use of the process not proper in the regular conduct of the procedure, c) some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process. (Huggins v. Winn Dixie, 249 S.C. 20627 A.L.R. 3d 1195).

245. Of particular note concerning the malicious and intentional Abuse of Process giving rise to Plaintiff's causes of action, Defendant SARAH T. MAYHEW caused to be created and manufactured a purported Certificate of Assessment to introduce as evidence against Plaintiff Karrine N. Montaque in a Bankruptcy case in the Eastern

District of New York. Defendant SARAH T. MAYHEW willfully and wrongfully caused the creation of the purported Certificate of Assessment to serve on this Plaintiff with the motive of using that purported Assessment to substantiate an ultra vires claim against her Bankruptcy Estate and to defame and discredit her lawful right to Bankruptcy protection and relief.

246.    Plaintiff Karrine N. Montaque petitioned the UNITED STATES TAX COURT for proof of the Defendant I.R.S.'s claim which the Defendant I.R.S. Attorneys admitted in their Motion to Dismiss Plaintiff Karrine N. Montaque's TAX COURT petition that through a thorough search of their records kept in the ordinary course of business concerning a specific Taxpayer that they could find no record of any Notices or Assessments conferring jurisdiction of the TAX COURT in the case of Plaintiff Karrine N. Montaque. Unless the Defendant I.R.S. Attorneys and Defendant SARAH T. MAYHEW keeps different records of taxes for a specific Taxpayer, then Defendant SARAH T. MAYHEW's proffering of a Certificate of Assessment in the Bankruptcy Court for the Eastern District of New York was fraud.

247.    It is abundantly apparent to Plaintiffs that the Defendant(s), and each of them, have an ulterior motive, which has not been revealed to Plaintiffs, even though Plaintiffs have continually sought an explanation for the Defendant(s) probable cause through letters and FOIA requests that have either gone unanswered or dispelled without explanation as "frivolous".

248.    It is also abundantly apparent to Plaintiffs that the Defendant(s), and each of them, have perpetrated willful acts in the use of the process that is not proper in the regular conduct of the I.R.S. procedures as evidenced by their Attorneys own

admission in their Motions to Dismiss the TAX COURT petitions Plaintiffs filed inquiring about their duty to provide Notices prior to implementing any collection actions.

249.    Given the fact that the Defendant(s) admittedly did not have any evidence to confer jurisdiction of their collection actions upon the TAX COURT, it stands to reason that they implemented some definite act or threat against Plaintiffs that was not authorized by the process, and in fact was aimed at an objective not legitimate in the use of the process, in violation of clearly established law.

250.    The Courts have held that the improper purpose of an Abuse of Process tort generally concerns taking the form of coercion to obtain a collateral advantage not properly involved in the proceeding itself, such as compelling the surrender or involuntary confiscation of property, or the surrender or involuntary confiscation of money by the use of the process as a threat or a metaphorical club. This is, in other words, a form of extortion, and it is done in the course of negotiation, or extrajudicial appropriation, rather than through the issuance of any formal and proper use of the process, all of which constitutes the actuality of an Abuse of Process tort.

251.    Plaintiffs affirmatively aver that the Defendant(s), and each of them have engaged in the perpetration of the Abuse of Process in the instigation and implementation of the pernicious *ultra vires* collection action against them, which in and of itself also constitutes a violation of substantive and procedural due process of law, and for the sake of brevity, given the immensity of this Complaint, Plaintiff will not elaborate on the details of all the violations concerning the Abuse of Process concerning each Plaintiff here because Plaintiffs respectfully expects that this Court

will refer to all the Plaintiffs individual Declarations, Offers of Proof and Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto*.

252. **WHEREFORE**, as to the Fifth Count of Plaintiffs causes of action, Plaintiffs seek declaratory judgment and an equitable remedy and relief from the Common Law tortuous violations of the Intentional Interference of the Person through their Abuse of Process, and hereby seek the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

<u>**COUNT VI**</u>

**VIOLATIONS OF THE FDCPA, 26 U.S.C. § 7214, ET SEQ.,
THE TAXPAYER BILL OF RIGHTS,
THE INTERNAL REVENUE MANUAL PART 5.17 ET. SEQ.,
CULMINATING IN UNLAWFUL CONDUCT
<u>AND MAIL FRAUD IN VIOLATION OF 18 U.S.C. §§ 1961-1964</u>**

253.   Plaintiffs reincorporates all facts and law delineated in ¶¶ 1 through 252 as though fully stated here to make claim that the Defendant(s), and each of them, through their unlawful conduct, acted in concert to perpetrate a pattern of and practice violations of clearly established law that culminated in the Common Law Equitable Torts against Plaintiff by Interference of Person, Interference of Property, denial of due process, and deprivation of Civil Rights.

254.   Plaintiffs respectfully avers the fact that the Defendant(s), and each of them, have conspired to violate Plaintiffs rights protected by the Constitution through intentional misrepresentation of their lawful authority, omission of material facts, fraudulent documents sent to Plaintiffs by mail. The individual Defendant(s), and enterprise Actors named herein, formed the associate in fact enterprise to further their

conspiracy and ultimately deprive Plaintiffs of their Civil Rights and Equitable
Property interests.

255.   For at least two (2) years, the Defendant(s), who are I.R.S. Agents, employees
and Attorney enterprise Actors, carried out, and are continually carrying out
numerous and repeated acts that furthered the conspiracy, many of which qualify as
predicate acts under the Civil R.I.C.O. statute, giving rise to 18 U.S.C. § 1962(c) and
(d).

256.   Plaintiff affirmatively avers that Defendant(s) TIGTA Agent CHRISTOPHER J.
GUST, and CID Agents DAVID FERS, MARK McPHERSON and KELLY
MAEDA have acted in concert to "cover up" the pernicious *ultra vires* acts of
Defendant(s) by failing to investigate the fraudulent acts of the I.R.S. Agents and
employees who intentionally interfered with Plaintiffs common law equitable rights.
Certainly, these two Defendant(s) in particular, knew or should have reasonably
known that the Defendant(s) who initiated their pernicious ultra vires collection
action against Plaintiffs did not have the requisite authority to do so for failing to file
and serve the requisite Certificates of Assessment and Notices of Deficiency,
because it is their job to ensure that such due diligence was performed before they
themselves take any action.

257.   Defendant(s) TIGTA Agent CHRISTOPHER J. GUST is a Special Agent with the
Inspector General's Office of Tax Administration. He is tasked with ensuring that the
I.R.S. Agents and employees comply with the letter of the law governing the I.R.S.
and legal requirements related to reporting tax information is only a small piece of an
Inspector General Special Agent's duties. By contrast, the primary duty of "in house"

GAO Auditors would be to ensure robust, complete and accurate reporting, (*See,* Paul C. Light, "Monitoring Government: Inspector General and the Search for Accountability").

258.   Defendant and TIGTA Special Agent GUST has a duty to prevent the violation of Plaintiff's Rights, and instead, he obstructed the disclosure of Plaintiff's lawful requests to investigate the violations of their rights by the Defendant(s), and each of them, and has now conspired to act in concert with the Defendant(s), named and unnamed herein, to perpetrate the corrupt conspiratorial acts that Defendant(s), and each of them, are complicit in their intentional interference of the person (being Plaintiffs), invasion of privacy, interference with private property and chattel paper instruments (unlawful searches, seizures, garnishments, levies, liens, *etc.*) abuse of process, mail fraud and intentional infliction of emotional distress and mental anguish.

259.   The specific conduct and predicate acts carried out by the Defendant(s), named herein, who are I.R.S. Agents, employees and Attorney enterprise Actors, conspired to use the UNITED STATES POSTAL SERVICE to perpetrate Mail Fraud and extortion to the Plaintiffs, the Plaintiffs employers, banks and other private parties engaged in business with the Plaintiffs and by sending Plaintiffs threatening letters and correspondences which they had absolutely no jurisdiction and authority to send to Plaintiffs. Thus, such letters and correspondences not only is evidence itself as an interference with the persons and an invasion of privacy of Plaintiffs, but mail fraud as well.

260.    Plaintiff affirmatively avers and has reason to believe that the I.R.S.
Defendant(s), and each of them, participated in, facilitated or directed the pernicious
*ultra vires* violations of Plaintiffs clearly established Common Law Rights through
subterfuge of the FDCPA, the Taxpayers Bill of Rights, the Internal Revenue
Manual, Title 26, 27 & 18.

261.    Plaintiffs affirmatively aver that Defendant(s), DAVID FERS, MARK
MACPHERSON, KELLY MAEDA, SARAH DAVIDSON, SARAH T. MAYHEW,
to mention a few, used the Mail to send numerous fraudulent correspondences to
Plaintiffs that were beyond the scope of their authority because they literally did not
have jurisdiction to send such correspondences, and in the case of Defendant(s)
named above intentionally defrauded, misrepresented and falsified information in
violation of the FDCPA, 26 U.S.C. § 7214, *et. seq.*, the TAXPAYER BILL OF
RIGHTS, and the INTERNAL REVENUE MANUAL PART 5.17, *et. seq*.

262. For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiffs
will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual
Plaintiff's rights here, because the Plaintiffs have incorporated their own individual
Declarations concerning the details of the events which clearly elucidate the violations of
their rights by the Defendant(s), and each of them, and Plaintiffs  respectfully expects that
this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and
Exhibits attached hereto as part and parcel of the details of each Count of the Causes of
Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of
Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of
them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are

entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

263. **WHEREFORE**, as to the Sixth Count of Plaintiffs causes of action, Plaintiff(s) seek declaratory judgment and an equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through violations of the FDCPA, 26 U.S.C. § 7214, *et. seq*., the TAXPAYER BILL OF RIGHTS, the INTERNAL REVENUE MANUAL PART 5.17 *et. seq.* Plaintiffs are demanding monetary damages for the Sixth Count of their causes of action in the amount specified in the Prayer for Relief portion of this Complaint.

## COUNT VII

## COMMON LAW JOINT TORTFEASORS

264.    Plaintiff(s) hereby reincorporates all facts and law delineated in ¶¶ 1 through 263 as though fully stated here to make claim that the Defendant(s), and each of them, through their unlawful conduct, acted in concert as joint Tortfeasors to violated Plaintiff's constitutionally protected rights.

265.    Under the Common Law Tort of Joint Tortfeasors, all persons who acted in concert to commit a trespass in pursuit of a common design are liable for the entire result since in such cases there is a common purpose with mutual aid to carry out the trespass. In short, it is a joint enterprise where "all coming to do an unlawful act, and of one party, the act of one is the act of the same party being present." (Miller v. Singer, 131 Colo. 112, 279 P. 2d 846; Sir Charles Heydon's Case, 11 Co. Rep 5 [1613]).

266.    Plaintiffs affirmatively aver that all Defendant(s) may be joined in the same action at law and equity since each was liable for the Plaintiff's damages. The rule goes back to the early days when the action of trespass was a criminal action, and it has survived also in the criminal law. (State v. Newberg, 129 Or. 564, 278 P. 568).

267.    Therefore, Plaintiffs affirmatively allege that the Defendant(s), and each of them, acted in pursuit of a common plan or design to commit tortuous *ultra vires* acts against Plaintiffs, that they all have actively taken part in it, or furthered it by cooperation or request, and lent aid or encouragement to the wrongdoers, to ratify and adopt the wrongdoer's tortious acts for their own benefit, and the benefit of the Defendant UNITED STATES. Therefore, they are equally liable as co-conspiratorial joint tortfeasors.

268. For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

269. **WHEREFORE,** as to the Seventh Count of Plaintiffs causes of action, Plaintiffs seek declaratory judgment and an equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through the Joint Tortfeasors conspiracy of the Defendant(s), and each of their acts to violate Plaintiff's constitutionally protected rights, in the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

270.   Plaintiffs reincorporates all facts and law delineated in ¶¶ 1 through 269 as though fully stated here to make claim that the Defendant(s), and each of them, through their unlawful conduct, intentionally acted in concert to violate the rights of Plaintiffs causing them emotional distress and mental anguish.

271.   The herein above described *ultra vires* actions and omissions perpetrated by Defendant(s), and each of them, under the Color of Law, are hereby sued in their individual capacity for their assistance, condoning, complicity and conspiracy to commit fraud and the ratification thereof effectively deprived the Plaintiff(s) of their unalienable constitutionally protected rights without fundamental and procedural due process. The overbearing and oppressive seizing of Plaintiffs money from their personal bank accounts, garnisheeing their paychecks from their jobs, and the egregiously violent search of several Plaintiffs homes under threat, duress and coercion from fraud upon the Court to obtain a search warrant was intentional and malicious, and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish and emotional and physical distress.

272.     Defendant(s) who are Revenue Officers went into Plaintiff(s) banks and jobs declaring verbally that Plaintiffs perpetrated a fraud for which they were never lawfully accused and convicted through a due process adjudicatory action, and said Defendant(s) also wrote such unsubstantiated presumptuous defamatory libelous accusations in correspondences with Plaintiffs banks and jobs causing Plaintiffs undue embarrassment, humiliation, emotional distress and mental anguish.

273.     Plaintiff(s) suffered both physical and emotional trauma from the unauthorized and unconscionable violations of Plaintiff's rights to privacy and private property at the hands of the Defendant(s), and each of them.

274.     As a further and proximate result of Defendant(s), and each of their acts to damage Plaintiffs, the I.R.S. Defendant(s) sent Plaintiffs threatening letters and correspondence in the United States Postal Service mail that caused the Plaintiffs serious anxiety and disrupted the peace and sanctity of the Plaintiffs households and family relationships.

275.     The Defendant(s), and each of them, knew or should have reasonably known that their failure to exercise due care in the performance of their duties would cause the Plaintiffs severe emotional distress and mental anguish. Defendant(s) have a duty to follow the procedural protocols of the law and their oaths uphold it with integrity, fairness and due diligence.  It is Plaintiffs understanding and belief that the Defendant(s), and each of them, failed to adhere to the letter of the law and protect and respect the Plaintiffs rights either through their negligence or deliberate intent.

276.     As a direct and proximate result of Defendant(s), and each of their pernicious *ultra vires* actions, their conduct has caused and continues to cause Plaintiffs

substantial loss of earnings, significant reputation disgrace and embarrassment, professional injury, medical expenses, future earnings and benefits, costs of suit, all of which has brought about despair and unbearable financial hardship on the Plaintiffs and their families.

277.     Known and unknown I.R.S. Defendant(s) and employees, engaged in, instigated and directed a course of extreme and outrageous conduct against the Plaintiffs with the intention of causing, or with reckless disregard of the probability of causing emotion distress and mental anguish upon the Plaintiffs.

278.     For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs  respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

279. **WHEREFORE**, as to the Eighth Count of Plaintiffs causes of action, Plaintiffs seek declaratory judgment and an equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through the Joint

Tortfeasors conspiracy of the Defendant(s), and each of their acts to violate Plaintiff's constitutionally protected rights, in the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

## COUNT IX

## DEFAMATION, LIBEL AND SLANDER

280. Plaintiffs re-allege and incorporate by reference all of the allegations as set forth in ¶¶ 1 through 279 as though fully set forth and stated herein to affirmatively state that the Defendant(s), and each of them, through their various acts, negligence and omissions have intentionally, recklessly and / or negligently made certain statements and allegations concerning Plaintiffs that are defamatory, slanderous and libelous to Plaintiffs individually as private natural persons.

281. Defendant(s), and each of them, conspired to perform the aforementioned acts.

282. Defendant(s), and each of them, acted in concert with respect to the aforementioned acts.

283. Defendants have further engaged in slander and libel and threatening conduct towards Plaintiffs from the presumption of their unsubstantiated defamatory statements, and in doing so, have caused Plaintiffs continued and unabated emotional distress and mental anguish.

284. Plaintiffs have each suffered emotional distress and mental anguish as a result of Defendant(s), and each of their libelous, slanderous and defamatory statements which has caused Plaintiffs shock, embarrassment, loss of self-esteem, disgrace, humiliation, powerlessness and loss of enjoyment of life.

285.     For the sake of brevity, given the voluminous immensity of this Complaint, Plaintiff will not elaborate the details of all the pernicious *ultra vires* intrusions of each individual Plaintiff's rights here, because the Plaintiffs have incorporated their own individual Declarations concerning the details of the events which clearly elucidate the violations of their rights by the Defendant(s), and each of them, and Plaintiffs respectfully expects that this Court will refer to all the Plaintiff's individual Declarations, Offers of Proof and Exhibits attached hereto as part and parcel of the details of each Count of the Causes of Action for all Plaintiffs *en toto* in order for the Court to be apprised of the violations of Plaintiff's constitutionally protected equitable rights by the Defendant(s), and each of them, so as to thoroughly ascertain the validity of the damages Plaintiffs seek and are entitled to as a direct and proximate result of all the Defendant(s) egregious *ultra vires* acts.

286. **WHEREFORE**, as to the Ninth Count of Plaintiffs causes of action, Plaintiff(s) seek declaratory judgment and an equitable remedy and relief from the common law tortuous violations of Intentional Interference of the Person through the libelous and slanderous statements the Defendant(s), and each of them, have made to defame Plaintiff's character and reputation, for the monetary damages amount specified in the Prayer for Relief portion of this Complaint.

## SCOPE OF REVIEW

Under 5 U.S.C. § 706 – To the extent necessary for decision and when presented, the reviewing Court shall decide all relevant questions of law, interpret constitutional and statutory

provisions, and determine the meaning or applicability of the terms of an Agency action. The reviewing Court shall:

1) Compel Agency action unlawfully withheld or unreasonably delayed; and

2) Hold unlawful and set aside Agency action, findings and conclusions found to be –

A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

B) contrary to constitutional right, power, privilege or immunity;

C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right;

D) without observance of procedure required by law;

E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this Title or otherwise reviewed on the record of an Agency hearing provided by statute; or

F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing Court.

In making the foregoing determinations, the Court shall review the whole record or those parts of it cited by a Party, and due account shall be taken of the rule of prejudicial error. Without a lawful basis, the collection and assessment of taxes sought by the Defendants herein are plain violations of law. (*See* 26 U.S.C. § 7214; 18 U.S.C. §§ 241, 872 1341 & 1962(c)(d). The unlawful assessment of taxes, and the collection of amounts resulting from mere exactions of liabilities, can hardly be what Congress sought to protect it through enactment of 26 U.S.C. § 7421. (See 26 C.F.R. 601.106(f)(1); Rule 1. "An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the United States Constitution"). Without clear proof that

the law imposes the amounts sought, and that assessment authority applies to the taxes allegedly imposed, § 7421 is wholly irrelevant and thus provides no safe harbor for the Defendant(s).

### EQUITABLE RELIEF REQUESTED

**WHEREFORE,** the putative class Plaintiff(s), on behalf of their selves, and others similarly situated hereby respectfully demands a full and fair plenary adjudicative process with a jury trial per Sixth Amendment to the United States Constitution, for the equitable remedy Plaintiffs seek from damages inflicted upon them through the Defendant(s), and each of their pernicious *ultra vires* conspiratorial acts which deprived Plaintiffs of their Civil Rights and Elective Franchise under color of law.

Plaintiff(s) hereby respectfully request an Order certifying this case as a Class Action under FRCP Rule 23, and appointing the Primary Party Plaintiff Eurich Z. Griffin III as Attorney-in-Fact to represent the Class.

Plaintiff also respectfully requests that this Court issue an Order pursuant to 28 U.S.C. §2201 & 2202, declaring the rights of the parties in accordance with all applicable law, and to create a remedy pursuant to FRCP Rule 57, granting Plaintiff(s) equitable relief to make them whole again. Plaintiff(s) respectfully expects this Court to qualifiedly declare that Plaintiff(s):

1) Possessed a constitutionally protected right to their property interest (*i.e.*, money, bank accounts, job remunerations, real property, *etc.*);

2) Were deprived of their property interests without due process of law.

(Due process property interests are created by "existing rules or understandings that stem

from an independent source, such as State law – rules or understandings that secure

certain benefits and that support claims of entitlement to those benefits. To have a

property interests protected by the Due Process Clause, "a person must have more than an

abstract need or desire for it. He must have more than a unilateral expectation of it. He

must, instead, have a legitimate claim of entitlement to it. While the existence of a

protected property interest is decided by reference to State law, the determination of

whether due process was accorded is decided by reference to the Constitution. Due

process requires that "a deprivation of life, liberty or property be preceded by Notice and

Opportunity for a hearing appropriate to the nature of the case." Cleveland Board of

Education v. Loudermill, 470 U.S. 532, 541 [1985]).

       Defendant UNITED STATES corporation is being sued for the Plaintiff's

personal injuries caused by the intentional, and / or negligent acts and omission of its

Agents, Attorneys and employees who were acting without lawful authority within the

scope of their office or employment, where if the UNITED STATES were a private

person, would be liable for damages to Plaintiffs in accordance with the Organic laws of

the Republic for the United States of America. (See 28 U.S.C. § 1346(b)). Plaintiffs

therefore, verifiably seek the remedy for damages from the Defendant(s), and each of

them, as follows:

## FOR THE FIRST COUNT OF PLAINTIFF'S CAUSES OF ACTION

           1) Actual Damages as definitively calculable in the individual

              amounts each Plaintiff suffered for the unlawful Trespass and

Seizure of each Plaintiff's private property, personal property and chattel paper instruments levied, liened or garnished;

2) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

3) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

4) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff,

5) Litigation expenses and costs of suit as accrued and calculable;

6) Jury trail demanded for all issues triable by jury; and

7) Such other and further relief as to the Court seems just and proper

## FOR THE SECOND COUNT OF PLAINTIFF'S CAUSES OF ACTION

8) Actual Damages as definitively calculable in the individual amounts each Plaintiff suffered for the unlawful Trespass and Seizure of each Plaintiff's private property, personal property and chattel paper instruments levied, liened or garnished;

9) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

10) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

11) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff,

12) Litigation expenses and costs of suit as accrued and calculable;

13) Jury trial demanded for all issues triable by jury; and

11) Such other and further relief as to the Court seems just and proper

## FOR THE THIRD COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial demanded for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper

## FOR THE FOURTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial demanded for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper.

## FOR THE FIFTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial demanded for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper.

## FOR THE SIXTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial demanded for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper.

## FOR THE SEVENTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 per Plaintiff;

2) Statutory Damages in the amount of $100.000.00 per Plaintiff for each verified violation;

3) Litigation expenses and costs of suit as accrued and calculable;

4) Jury trial demanded for all issues triable by jury; and

5) Such other and further relief as to the Court seems just and proper.

## FOR THE EIGHTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 US per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial demanded for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper.

## FOR THE NINTH COUNT OF PLAINTIFF'S CAUSES OF ACTION

1) Compensatory and Punitive Damages in the amount of $1,000,000.00 per Plaintiff;

2) Statutory Damages in the amount of $100,000.00 US per Plaintiff for each verified violation;

3) Exemplary and Special Damages in the amount of $1,000,000.00 US per plaintiff;

4) Litigation expenses and costs of suit as accrued and calculable;

5) Jury trial for all issues triable by jury; and

6) Such other and further relief as to the Court seems just and proper.


Date: March 19, 2019.


Respectfully,

_____/s/_Eurich Z. Griffin_____
Eurich Z. Griffin, *in propria persona*
P.O. Box 12412
St. Petersburg, Florida State Republic
[33733] Non-Domestic

_____/s/___Rose Ann Flor_____
Rose Ann Flor, *in propria persona*
9052 Jackson Avenue
Lexington, Minnesota State Republic
[55014] Non-Domestic

_____/s/___Sheryl Tinoco_____
Sheryl Tinoco, *in propria persona*
4737 Lyons Road
Lake Worth, Florida State Republic
[33467] Non-Domestic

_____/s/___McKinley Lewis_____
McKinley Lewis, *in propria persona*
4057 Saint George Walk
Powder Springs, Georgia State Republic
[30127] Non-Domestic


_____/s/___John W. Barry_____
John W. Barry
232 Amherst Avenue
Pemberton, New Jersey State Republic
[08068] Non-Domestic

_____/s/___Barbara Griffin_____
Barbara W. Griffin, *in propria persona*
P.O. Box 12412
St. Petersburg, Florida State Republic
[33733] Non-Domestic

_____/s/___Annette Torruellas_____
Annette Torruellas, *in propria persona*
7252, Apartment # A
Forrest City Road
Orlando. Florida State Republic
[32810] Non-Domestic.

_____/s/___Radames Rodriguez_____
Radames Rodriguez, *in propria persona*
7252, Apartment # A
Forrest City Road
Orlando, Florida State Republic
[32810] Non-Domestic

_____/s/_____Jeannette Delgado_____
Jeannette Delgado, *in propria persona*
1255 Guinevere Drive
Casselberry, Florida State Republic
[32707] Non-Domestic.

_____/s/_____Karrine N. Montaque_____
Karrine N. Montaque, *in propria persona*
159 Washington Avenue
Valley Stream, New York State Republic
[11590] Non-Domestic

/s/      Moses Nelson
Moses Nelson, *in propria persona*
359 Olive Street
Bridgeport, Connecticut State Republic
[06604] Non-Domestic

/s/      Patricia Hinds
Patricia Hinds, *in propria persona*
6 Homestead Avenue
West Haven, Connecticut State Republic
[06516] Non-Domestic

/s/      Carl McBean
Carl McBean, *in propria persona*
173 Canfield Avenue
Bridgeport, Connecticut State Republic
[06605] Non-Domestic

/s/      RoseMarie Lastimado-Dradi
RoseMarie Lastimado- Dradi, *in pro per*
P.O. Box 386
Ridgefield, Washington State Republic
[98642] Non-Domestic.

/s/      Elvah Bliss Miranda
Elvah Bliss Miranda, *in propria persona*
94-1018 Kaloli Loop
Waipahu, Hawaii State Republic
[96797] Non-Domestic

/s/   Marciaminajuanequita R.T. Dumlao
Marciaminajuanequita R. T. Dumlao,
*in propria persona*
1731 Mahani Loop
Honolulu, Hawaii State Republic
[96815] Non-Domestic

/s/      Rodrigo B. Libanag
Rodrigo B. Libanag, in propria persona
91-936 Komana Street
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic

/s/      Patrese Blackwood
Patrese Blackwood, *in propria persona*
359 Olive Street
Bridgeport, Connecticut State Republic
[06604] Non-Domestic

/s/      Joel Adeyemi Omotosho
Joel A. Omotosho, *in propria persona*
51 Park Terrace
Bridgeport, Connecticut State Republic
[06604] Non-Domestic

/s/      Julio Ruiz
Julio Ruiz, *in propria persona*
981 Grand Street
Bridgeport, Connecticut State Republic
[06604] Non-Domestic.

/s/      Elba M. Viera Lopez
Elba M. Viera Lopez, *in propria persona*
1224 Pembroke Street
Bridgeport, Connecticut State Republic
[06608] Non-Domestic

/s/      Hannah K. Heart
Hannah K. Heart, *in propria persona*
5339 Poola Street
Honolulu, Hawaii State Republic
[96821] Non-Domestic

/s/      Daniel B. Miranda
Daniel B. Miranda, *in propria persona*
94-1018 Kaloli Loop
Waipahu, Hawaii State Republic
[96797] Non-Domestic

/s/      Leoncio Bautista
Leonicio Bautista, *in proria persona*
1731 Mahani Loop
Honolulu, Hawaii State Republic
[96815] Non-Domestic.

_/s/_   Rosalie O. Libanag
Rosalie O, Libanag, *in propria persona*
91-936 Komana Street
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic

_/s/_   Michael T. Chock
Michael T. Chock, *in propria persona*
91-668 Kilaha Street, Unit I-2
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic.

_/s/_   Brigida E. Chock
Brigida E. Chock, *in propria persona*
91-668 Kilaha Street, Unit I-2,
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic

_/s/_   Beverly Braumuller-Hawver
Beverly Braumuller-Hawver, *in pro per*
P.O. Box 2783
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic

_/s/_   Paul K. Meyer
Paul K. Meyer, *in propria persona*
P.O. Box 1308
Kilauea, Hawaii State Republic
[96754] Non-Domestic.

_/s/_   Scott F. Hawver
Scott F, Hawver, *in propria persona*
P.O. Box 2783
Ewa Beach, Hawaii State Republic
[96706] Non-Domestic

_/s/_   Aaron Aqueron
Aaron Aqueron, *in propria persona*
1868 Sanderling Drive
Clermont, Florida State Republic
[34711] Non-Domestic

_/s/_   Ada de la Cruz
Ada de la Cruz, *in propria persona*
3944 Creswick Circle
Orlando, Florida State Republic
[32829] Non-Domestic.

_/s/_   Benedicta Sison
Benedicta Sison, *in propria persona*
1002 Seneca Falls Drive
Orlando, Florida State Republic
[32828] Non-Domestic

_/s/_   Hector Mendez
Hector Mendez, *in propria persona*
. 11919 Linden Drive
Spring Hill, Florida State Republic
[34608] Non-Domestic

_/s/_   Betty Ananyo
Betty Ananyo, *in propria persona*
4840 Miramar Street
Cocoa, Florida State Republic
[32927] Non-Domestic

_/s/_   Rafael Ramos
Rafael Ramos
3944 Creswick Circle
Orlando, Florida State Republic
[32829] Non-Domestic

_/s/_   Jose Velez
Jose Valez, *in propria persona*
2209 South Goldenrod Road
Orlando, Florida State Republic
[32833] Non-Domestic

_/s/_   Miriam Mendez
Miriam Mendez, *in propria persona*
11919 Linden Drive
Spring Hill, Florida State Republic
[34608] Non-Domestic.

/s/   Magdelena Nieves
Magdelena Nieves, *in propria persona*
10563 Macaris Street
Orlando, Florida State Republic
[32832] Non-Domestic

/s/   Judge Thomas Phillips III
Judge Thomas Phillips III, *in propria persona*
829 Eagle Claw Court
Lake Mary, Florida State Republic
[32746] Non-Domestic

/s/   Juanito Estrada
Juanito Estrada, *in propria persona*
6005 Silver Star Road
Orlando, Florida State Republic
[32808] Non-Domestic

# EXHIBIT A

**(Eurich Z. Griffin III's United States Tax Court Order and I.R.S. Defendant Attorney's Motion to Dismiss Tax Court Petition)**

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217

PA

EURICH Z. GRIFFIN, III,                )
                                        )
                   Petitioner,          )
                                        )
              v.                        )  Docket No. 6678-18.
                                        )
COMMISSIONER OF INTERNAL REVENUE,       )
                                        )
                   Respondent           )
                                        )
                                        )
                                        )
                                        )
                                        )

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On April 24, 2018, respondent filed in the above-docketed case a Motion to Dismiss for Lack of Jurisdiction, on the ground that no notice of deficiency, as authorized by section 6212 and required by section 6213(a) of the Internal Revenue Code (I.R.C.) to form the basis for a petition to this Court, had been sent to petitioner with respect to taxable years 2005 through 2017, nor had respondent made any other determination with respect to petitioner's tax years 2005 through 2017, including any determination pursuant to section 6320 and/or 6330, I.R.C., that would confer jurisdiction on the Court, as of the date the petition herein was filed.  In the motion, respondent indicates that petitioner has no objection to the granting thereof.  Petitioner also on the same April 24, 2018, date filed a notice of no objection to respondent's motion.

Upon due consideration, it is

ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction.

**(Signed) L. Paige Marvel**
**Chief Judge**

ENTERED:   **APR 25 2018**

**SERVED Apr 25 2018**

**US TAX COURT
RECEIVED**

**APR 24 2018
9:48 AM**

DRC  **US TAX COURT
eFILED**

**APR 24 2018**

EURICH Z. GRIFFIN, III,

        Petitioner,

        v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent

ELECTRONICALLY FILED

Docket No.   6678-18

# RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

CERTIFICATE OF SERVICE

## UNITED STATES TAX COURT

EURICH Z. GRIFFIN, III,              )
                                     )
                    Petitioner,      )
                                     )
              v.                     )   Docket No.   6678-18
                                     )
COMMISSIONER OF INTERNAL REVENUE,    )   Filed Electronically
                                     )
                    Respondent.      )

## MOTION TO DISMISS FOR LACK OF JURISDICTION

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the ground that no statutory notice of deficiency, as authorized by I.R.C. § 6212 and required by I.R.C. § 6213(a) to form the basis for a petition to this Court, has been sent to petitioner with respect to the 2005 through 2017 tax years, nor has respondent made any other determination with respect to petitioner's 2005 through 2017 tax years that would confer jurisdiction on this Court.

IN SUPPORT THEREOF, respondent respectfully states:

1.   The petition was filed with the Tax Court on April 6, 2018 alleging a notice was not received by petitioner for the 2005 through 2017 tax years.  No documents were attached to the copy of the petition served on respondent.

2.   Respondent has diligently searched his records and contacted I.R.S. personnel in an attempt to determine whether a notice of deficiency was issued to petitioner for the 2005

Docket No. 6678-18                    - 2 -

through 2017 tax years.

3.   Based on said diligent search, and based on a review of respondent's records kept in the ordinary course of business when respondent issues and mails a notice of deficiency to a specific taxpayer, there is no record, information, or other evidence indicating that a notice of deficiency authorized by I.R.C. § 6212 was mailed to petitioner with respect to the 2005 through 2017 tax years.

4.   Accordingly, respondent has determined, based upon the foregoing, that no notice of deficiency sufficient to confer jurisdiction on the Court pursuant to I.R.C. § § 6212 and 6213(a) has been sent to petitioner for the 2005 through 2017 tax years.

5.   Respondent further determined based upon the above-described diligent search that no other determination has been made by respondent that would confer jurisdiction upon this Court for the 2005 through 2017 tax years.

6.   Petitioner has neither produced, nor otherwise demonstrated, that a notice of deficiency or other determination sufficient to confer jurisdiction on this Court was mailed to petitioner as required by I.R.C. § 6213(a) and Tax Court Rule 34(b), or other applicable provisions of the Internal Revenue

Docket No. 6678-18                    - 3 -

Code or Rules of this Court, for the 2005 through 2017 tax
years.

7.   Therefore, respondent moves that this case be dismissed
for lack of jurisdiction for the 2005 through 2017 tax years
upon the ground that no statutory notice of deficiency, as
authorized by I.R.C. § 6212 and required by I.R.C. § 6213(a) to
form the basis for a petition to this Court, was sent to
petitioner, nor has respondent made any other determination with
respect to petitioner's 2005 through 2017 tax years that would
confer jurisdiction on this Court.

8.   Respondent contends petitioner instituted these
proceedings primarily for the purpose of delay and that
petitioner's position in the present case is frivolous or
groundless.

9.   On review of the record, respondent notes that, as of
the date of filing of this motion, petitioner has not paid the
Court's filing fee.

10. Respondent has received dozens of petitions that are
nearly identical to the one filed in this case.  See, e.g., the
petitions at docket numbers 19180-17, 19189-17, 20428-17, 20429-
17, 24060-17, 24414-17, 24461-17, 24692-17, 24736-17, 3592-18,
and 5759-18.

Docket No. 6678-18                    - 4 -

11. Respondent believes that it is appropriate for the Court to warn petitioner that it may impose a monetary penalty under I.R.C. § 6673 in the future if petitioner continues to file similar petitions, or take similar positions in future cases.

12. Petitioner does not object to the granting of this motion.

WHEREFORE, respondent requests that this motion be granted.


                                        WILLIAM M. PAUL
                                        Acting Chief Counsel
                                        Internal Revenue Service


Date: 4/23/2018                   By:

                                        RANDALL B. CHILDS
                                        Senior Attorney
                                        (Small Business/Self-Employed)
                                        Tax Court Bar No. CR1023
                                        Stop C, Room 240
                                        400 West Bay Street
                                        Jacksonville, Florida 32202
                                        Telephone: (904) 661-3018


                                        A. GARY BEGUN
                                        Associate Area Counsel
                                        (Jacksonville, Group 2)
                                        (Small Business/Self-Employed)
                                        Tax Court Bar No. BA0607

Docket No. 6678-18              - 5 -


OF COUNSEL:
BRUCE K. MENEELY
Division Counsel
(Small Business/Self-Employed)
ROBERT W. DILLARD
Area Counsel
(Small Business/Self-Employed:Area 3)

Docket No. 6678-18

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO DISMISS FOR LACK OF JURISDICTION was served on petitioner by mailing the same on _____April 24, 2018_____ in a postage paid wrapper addressed as follows:

> Eurich Z. Griffin, III
> P.O. Box 12412
> St. Petersburg, FL 33733

Date: _4/23/2018_

RANDALL B. CHILDS
Senior Attorney
(Jacksonville, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. CR1023

# EXHIBIT B

(COPY OF COURT TRANSCRIPT FROM DIVERSIFIED METAL
PRODUCTS V. T-BOW COMPANY TRUST, INTERNAL REVENUE
SERVICE AND STEVE MORGAN, VERIFYING THE FACT THAT
THE I.R.S. IS NOT AN AGENCY OF THE UNITED STATES)

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

r the seal of the National Archives and Records Administration, that the attached reproduction(s) is

d correct copy of documents in his custody.





| SIGNATURE | |
|---|---|
| NAME .Steven M. Edwards | DATE APR -6 2000 |
| TITLE Regional Administrator, Pacific Alaska Region | |
| NAME AND ADDRESS OF DEPOSITORY . National Archives & Records Admin. 6125 Sand Point Way NE Seattle, WA 98115-7999 | |

NA FORM 13040 (10-88)

BETTY H. RICHARDSON
United States Attorney
United States Attorney's Office
Box 32
Boise, Idaho  83707
Telephone:  (208) 334-1211

RICHARD R. WARD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-5867



Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF IDAHO

| | | |
|---|---|---|
| DIVERSIFIED METAL PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 93-405-E-EJL |
| | ) | |
| T-BOW COMPANY TRUST, INTERNAL REVENUE SERVICE, and STEVE MORGAN, | ) | UNITED STATES' ANSWER AND CLAIM |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States of America, through undersigned counsel hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1.   The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, denies the allegations.


UNITED STATES ANSWER AND CLAIM - 1

5

9393990P.ANS

2.    The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies the allegations.

3.    The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies the allegations.

4.    Denies that the Internal Revenue Service is an agency of the United States Government but admits that the United States of America would be a proper party to this action.  Admits that the IRS has served a Notice of Levy on plaintiff for funds owed to defendant Steve Morgan.

5.    Admits that the IRS has made a demand on plaintiff for payment of funds owed to Steve Morgan.  The United States is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and, on that basis, denies the remaining allegations.

6.    Admits that Exhibits A and B are attached and are respectively, a copy of a letter from Lonnie Crockett and a copy of a Notice of Levy served by the IRS.

7.    The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies the allegations.

UNITED STATES ANSWER AND CLAIM - 2

9393990P.ANS

8.   Admits that copies of two checks in the amounts of $504.00 and $345.60 are attached to the complaint as Exhibit C.

9.   The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, denies the allegations.

10.   Paragraph 10 contains allegations of law to which no response is required.

11.   Paragraph 11 contains allegations of law to which no response is required.

### FIRST DEFENSE

Plaintiff is not entitled to an award of attorney fees or costs that would diminish the recovery of the United States.

### SECOND DEFENSE

The Internal Revenue Service is not a proper defendant and the United States should be substituted in its place.

### THIRD DEFENSE

The United States has not waived its sovereign immunity to suit.

### FOURTH DEFENSE

Plaintiff's complaint should be dismissed for insufficient service of process on the United States.

### FIFTH DEFENSE

Plaintiff's complaint fails to state a jurisdictional basis for suit.

UNITED STATES ANSWER AND CLAIM - 3

## CLAIM OF THE UNITED STATES

9393990P.ANS

1. This claim is made pursuant to 26 U.S.C. Sections 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. On May 29, 1989, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven and Koreen Morgan in the amount of $516.50, including penalties and interest, for the taxable period ending December 31, 1988.

3. Notice of and demand for payment of the taxes described in paragraph 1 above was given to and made on Steven and Koreen Morgan in accordance with 26 U.S.C. § 6303.

4. Notice of Federal Tax Lien with respect to the assessment described in paragraph 1 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

5. On May 31, 1993, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven Morgan in the amount of $2,565.21, including penalties and interest, for the taxable period ending December 31, 1989.

6. Notice of and demand for payment of the taxes described in paragraph 4 above was given to and made on Steven Morgan in accordance with 26 U.S.C. § 6303.

UNITED STATES ANSWER AND CLAIM - 4

7. Notice of Federal Tax Lien with respect to the assessment described in paragraph 4 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

9393990P.ANS

8. On May 31, 1993, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven Morgan in the amount of $2,393.28, including penalties and interest, for the taxable period ending December 31, 1990.

9. Notice of and demand for payment of the taxes described in paragraph 7 above was given to and made on Steven Morgan in accordance with 26 U.S.C. § 6303.

10. Notice of Federal Tax Lien with respect to the assessment described in paragraph 7 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

11. Daspite notice and demand, Steve Morgan has failed to pay the taxes assessed and there remains due and owing to the United States the sum of $5,474.99, plus accrued interest, penalties, and other statutory additions.

12. On or about August 3, 1993, the Internal Revenue Service served a Notice of Levy on Steve Morgan's employer, Diversified Metal Products, Inc., requesting payment of all monies owed to Steve Morgan by Diversified Metal Products.

13. The interpleaded fund contains money that is owed to Steve Morgan by Diversified Metal Products, Inc. to which the federal tax lien attaches.

UNITED STATES ANSWER AND CLAIM - 5

9393990P.ANS

14.  The United States claims priority to the interpleaded fund in such amount remaining after satisfaction of the claims of competing claimants to the fund who are entitled to priority over the United States.

WHEREFORE, the United States of America prays the Court:

1.  Adjudge and decree that the defendant the United States of America has valid and subsisting liens in the amount of $5,474.99, plus accrued interest, penalties, and other statutory additions.

2.  Determine the rights, titles, and interest of the parties to the fund; and

3.  Grant the United States its costs and such other further relief that is just and proper.

Respectfully submitted this _18th_ day of November, 1993.

BETTY H. RICHARDSON
United States Attorney

RICHARD R. WARD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-5867

UNITED STATES ANSWER AND CLAIM - 6