# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EURICH Z. GRIFFIN,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** *et al.*, <br><br> Defendants. | Case No. 19-cv-762 (CRC) |

## MEMORANDUM OPINION

No one enjoys paying taxes, but they are a price of citizenship. For that reason, the law erects substantive barriers to challenging their imposition. This is a case in point.

Plaintiffs are forty-one individual tax objectors who have sued the United States, the Treasury Department, forty-five named individual federal employees, and various unknown federal employees. Compl. ¶¶ 15-108. Principally, plaintiffs allege that the IRS lacks jurisdiction to assess taxes and penalties against them. Id. ¶¶ 113-15. Because the Tax Court dismissed plaintiffs' past petitions against the IRS for lack of jurisdiction, plaintiffs argue that the IRS therefore lacks jurisdiction over them entirely and may not subject them to federal taxation. Id. ¶¶ 113-15. Plaintiffs also allege that the defendants trespassed on and tortiously interfered with their property, id. ¶¶ 203-13; intentionally inflicted emotional distress, id. ¶¶ 270-79; perpetrated "Abuse of Process," id. ¶¶ 238; engaged in defamation, libel, and slander, id. ¶¶ 280-86; ran afoul of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, id. ¶ 136; violated 42 U.S.C. § 1983, id. ¶¶ 192-202; trampled their rights under 4th, 5th, and 14th Amendments to the U.S. Constitution, id. ¶¶ 214-37; carried out mail fraud in violation of 18

U.S.C. §§ 1961–1964, id. ¶¶ 253-63; and illegally filed tax lien notices or levies against them, id. ¶¶ 126-31.  Plaintiffs each seek a declaratory judgment and millions of dollars.  Id. at 116-22.

The government moved to dismiss plaintiffs' pro se complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim.  See Mem. Supp. Mot. Dismiss ("MTD"), ECF No. 20-1 at 2-3.  The Court responded with a standard "Fox/Neal" Order[1], advising plaintiffs that if they did not respond to the motion to dismiss by June 24, 2019, the Court may deem the motion conceded.  See Order, ECF No. 21 at 1.  Plaintiffs did not file an opposition.  Instead, on June 20, 2019, they filed a Motion to Amend the Complaint, which attached a new complaint but failed to indicate the proposed amendments.  See Pls. Mot. to Amend, ECF No. 23-1.  On August 23, 2019, the Court issued a minute order instructing plaintiffs to show cause in writing, by September 13, 2019, why the government's motion to dismiss should not be granted as conceded under Local Civil Rule 7(b) or granted on the merits.  On September 13, 2019, plaintiffs filed a response to the Court's order, objecting to the government's motion to dismiss.  ECF No. 34.  Additionally, several individual plaintiffs filed "motions to claim and exercise constitutionally secured rights and to compel the Court to rule on their motions."  ECF Nos. 24, 25, 26, 31 & 32.  For the reasons that follow, the Court will grant the government's motion to dismiss and deny plaintiffs' motion to amend the complaint.

First, the Court will consider whether it has subject matter jurisdiction over plaintiffs' claims.  Absent a waiver of sovereign immunity, the United States is immune from suit.  Block v. North Dakota, 461 U.S. 273, 287 (1983).  Similarly, because an action against federal officers

---

[1] See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

in their official capacities "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such suits are also barred by sovereign immunity. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978)). Plaintiffs bear the burden of demonstrating waiver for each claim that they bring. United States v. Mitchell, 463 U.S. 206, 212 (1983). If plaintiffs fail to identify a statute expressly waiving immunity, the Court lacks subject matter jurisdiction to adjudicate a claim against the United States.

Applying these principles, the Court lacks subject matter jurisdiction to consider plaintiffs' trespass, tortious interference with property, and intentional infliction of emotional distress claims because plaintiffs have not identified a waiver of sovereign immunity. Nor could they. While the Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity with respect to claims based on "the negligent or wrongful act or omission" of a government employee, see 28 U.S.C. § 1346(b), which generally includes claims for intentional torts, see, e.g., Levin v. United States, 568 U.S. 503, 507 n.1 (2013), the United States has not waived its sovereign immunity for "[a]ny claims arising out of the assessment or collection of any tax," 28 U.S.C. § 2680(c). Because plaintiffs' trespass, tortious interference with property, and intentional infliction of emotional distress claims arise out of the government's assessment and collection of taxes, Compl. ¶¶ 203-13, sovereign immunity precludes their claims.

Similarly, the Court lacks jurisdiction to consider plaintiffs' abuse of process, defamation, libel, and slander claims because the FTCA explicitly bars such claims. By its terms, the FTCA retains immunity for "[a]ny claim arising out of . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." See id. §§ 2680(h), 1346(b)(1). To the extent plaintiffs seek to raise other claims of fraud, the federal government

3

also retains sovereign immunity for such claims.  Budik v. Ashley, 36 F. Supp. 3d 132, 140 (D.D.C. 2014), aff'd sub nom. Budik v. United States, No. 14-5102, 2014 WL 6725743 (D.C. Cir. Nov. 12, 2014).

Plaintiffs' FDCPA claims fare no better.  Sovereign immunity bars plaintiffs' FDCPA claims because the FDCPA defines the term "debt collector" as excluding "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

Moreover, to the extent that plaintiffs request a declaratory judgment that would have the effect of restraining the government's collection of taxes, this Court lacks subject matter jurisdiction.  The Anti-Injunction Act (AIA) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a).  Similarly, the Declaratory Judgment Act (DJA) expressly bars claims for declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201.  These two Acts are coterminous, Cohen v. United States, 650 F.3d 717 at 727-31 (D.C. Cir. 2011) (en banc), so where a plaintiff seeks declaratory judgment to restrain the collection of taxes, the claim must be dismissed for lack of subject matter jurisdiction, Gardner v. United States, 211 F.3d 1305, 1310-11 (D.C. Cir. 2000).  Accordingly, the Court lacks jurisdiction to consider plaintiffs' requests for declaratory judgment.

For the remaining claims, the Court will consider whether plaintiffs have stated claims upon which relief can be granted.

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, Compl. ¶¶ 192-202, which permits civil recovery for constitutional violations occurring under color of state law.  Because the

actions of the federal government "are exempt from the proscriptions of § 1983," District of Columbia v. Carter, 409 U.S. 418, 242-25 (1973), plaintiffs have failed to state a claim.

Plaintiffs also allege violations of their Constitutional rights under the 4th, 5th, and 14th Amendments and seek damages pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. ¶¶ 214-37. To the extent plaintiffs assert a Bivens claim for damages against the United States or the individual defendants in their official capacities, their claims must dismissed because "[i]t is well established that Bivens remedies do not exist against officials sued in their official capacities." Kim v. United States, 632 F.3d 713, 715 (D.C. Cir. 2011). To the extent plaintiffs attempt to bring Bivens claims against the named government employees in their individual capacities, their claims must also be dismissed because the "lower courts in this jurisdiction have . . . declined to create a Bivens remedy to redress injuries alleged by . . . tax protesters . . . who allege due process violations stemming from" tax collection. Kim v. United States, 618 F. Supp. 2d 31, 37–38 (D.D.C. 2009), rev'd on other grounds, 632 F.3d 713, 717 (D.C. Cir. 2011) (citations omitted). Indeed, Bivens remedies are "precluded by the 'comprehensive statutory remedial scheme' that Congress established through the Internal Revenue Code." Id. (citation omitted); see also Esposito v. Dep't of Treasury, No. 1:10-CV-980 RLW, 2012 WL 1076155, at *3 (D.D.C. Mar. 30, 2012).

Lastly, plaintiffs allege that the defendants have committed mail fraud in violation of 18 U.S.C. §§ 1961-1964 and have illegally filed tax lien notices or levies. Compl. ¶¶ 126-31, 253-63. Because individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes," Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979), plaintiffs have failed to state a claim.

Plaintiffs have moved to amend their complaint. Despite the lack of a redline version of their complaint, the Court dutifully waded through the proposed amended complaint and finds that it merely repackages the same unsuccessful claims raised in the initial complaint. Thus, accepting plaintiffs' proposed amended complaint would be futile, as it too fails on all counts to either establish subject matter jurisdiction or state a claim. <u>James Madison Ltd. by Hecht v. Ludwig</u>, 82 F.3d 1085, 1099 (D.C. Cir. 1996). The Court therefore denies plaintiffs' motion to amend the complaint.

For the foregoing reasons, the Court will grant defendants' motion to dismiss and deny plaintiffs' motion to file an amended complaint and their various "motions to claim and exercise constitutionally secured rights and require the presiding Judge to rule upon these motions." A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>September 24, 2019</u>